**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Daniel HAYES, Defendant–Appellant.**

**No. 93–1597.**

United States Court of Appeals, Seventh Circuit.

Argued June 10, 1993.

Decided Sept. 23, 1993.

Christopher T. Van Wagner (argued), Office of the U.S. Atty., Madison, WI, for plaintiff-appellee.

T. Christopher Kelly, Madison, WI (argued), for defendant-appellant.

Before POSNER and COFFEY, Circuit Judges, and ESCHBACH, Senior Circuit Judge.

ESCHBACH, Senior Circuit Judge.

Because Daniel D. Hayes ("Hayes") provided substantial assistance to the government, the district court reduced his sentence of imprisonment from the statutory mandatory minimum of 60 months to 47 months. Dissatisfied with the amount of the reduction and the method by which it was calculated, Hayes appeals. We have jurisdiction over this appeal under 18 U.S.C. § 3742(a).[1] Because the district court used an appropriate method for calculating the departure from Hayes' mandatory minimum sentence, we affirm.

## I.

The instant appeal is Hayes' third sentencing appeal before this court. Because this court has detailed the facts of this case in our

1. Hayes' argument on appeal amounts to a contention that his sentence was imposed in violation of law. We therefore have appellate jurisdiction under 18 U.S.C. § 3742(a)(1).

prior opinions,[2] we will not repeat them here except as they are relevant to the issues in the *instant* appeal. Hayes pleaded guilty to one count of possession with intent to manufacture 100 or more marijuana plants in violation of 21 U.S.C. § 841(a)(1). This offense carries a 60–month mandatory minimum prison sentence. 21 U.S.C. § 841(b)(1)(B)(vii). At Hayes' sentencing, the government moved for a downward departure pursuant to 18 U.S.C. § 3553(e) because Hayes provided substantial assistance to the prosecution in the investigation of a coconspirator. The district court denied the government's motion, ruling that the results of Hayes' cooperation were insufficient to warrant a departure at that time,[3] and sentenced Hayes to 60 months of incarceration. Hayes appealed, and we affirmed. *United States v. Hayes,* 939 F.2d 509 (7th Cir.1991), *cert. denied,* —— U.S. ——, 112 S.Ct. 896 (1992).

One day before the expiration of the limitations period for motions under Fed. R.Crim.P. 35(b), the government again moved for a downward departure for Hayes' substantial assistance. The district court refused to entertain the motion on the ground that Rule 35(b) required that the motion be filed and heard before the limitations period expired. When Hayes appealed, we reversed and remanded for a hearing on the motion. *United States v. Hayes,* 983 F.2d 78 (7th Cir.1992).

After the hearing, the district court granted the government's motion and reduced Hayes' sentence from 60 to 47 months. The court calculated its downward departure by working backward from Hayes' 60–month sentence. The court first observed that the lowest United States Sentencing Guidelines (the "Guidelines") offense level for which a 60–month sentence could have been given is 24.[4] Departing downward two levels for Hayes' substantial assistance results in an offense level of 22, which carries a sentencing range of 41 to 51 months. Hayes' 47–month sentence falls within that range. Hayes appeals his reduced sentence, arguing that the method used by the district court to calculate his downward departure violates 18 U.S.C. § 3553(e).

## II.

■ We review legal determinations made by a district court in interpreting statutes or the Guidelines under a *de novo* standard of review. *United States v. Holloway,* 991 F.2d 370, 372 (7th Cir.1993) (statutes); *United States v. Cojab,* 978 F.2d 341, 343 (7th Cir.1992) (Guidelines). On the other hand, "[f]actual findings used to determine the appropriate sentencing range are reviewed under the clearly erroneous standard." *United States v. Sanchez,* 984 F.2d 769, 774 (7th Cir.1993).

Hayes argues that when a district court departs below the mandatory minimum sentence pursuant to 18 U.S.C. § 3553(e), the resulting sentence must be within the Guidelines range appropriate for the offense and the offender's criminal history category. Because his original offense level was 16 and his criminal history category is I, Hayes contends that the district court was constrained by the resulting 21 to 27 month range. Hayes bases his argument on the portion of § 3553(e) that states: "Such sentence shall be imposed in accordance with the guidelines and policy statements issued by the Sentencing Commission...." 18 U.S.C. § 3553(e) (referring to sentences imposed below the statutory minimum for substantial assistance). Hayes' argument is unavailing, however, because his 47–month sentence *was* imposed in accordance with the Guidelines.

"Where a statutorily required minimum sentence is greater than the maximum of the

---

**2.** *United States v. Hayes,* 983 F.2d 78 (7th Cir. 1992); *United States v. Hayes,* 939 F.2d 509 (7th Cir.1991), *cert. denied,* —— U.S. ——, 112 S.Ct. 896, 116 L.Ed.2d 798 (1992).

**3.** Hayes' co-conspirator had not been charged at that point, so the extent of Hayes' assistance could not be properly assessed. The district court suggested that Fed.R.Crim.P. 35(b) would

be the more appropriate vehicle to address Hayes' substantial assistance departure, when the extent of Hayes' assistance was better established.

**4.** An offense level of 24 results in a sentencing range of 51 to 63 months, given Hayes' criminal history category of I.

applicable guideline range, *the statutorily required minimum sentence shall be the guideline sentence.*" U.S.S.G. § 5G1.1(b) (emphasis supplied). Therefore, when the district court originally sentenced Hayes, the statutory mandatory minimum sentence of 60 months became Hayes' Guidelines range, albeit a narrow one. The 21 to 27 range no longer applied. The appropriate starting point for Hayes' downward departure was 60 months, and the district court properly began there.

 That determination made, we must now consider the extent of the downward departure that the district court granted Hayes. Though our review of departures from the Guidelines is deferential, we require the extent of a downward departure to be linked to the structure of the Guidelines. *United States v. Gentry,* 925 F.2d 186, 188–89 (7th Cir.1991). In addition, when a departure is made, "we measure the degree of the departure itself under a standard of reasonableness." *United States v. Bigelow,* 914 F.2d 966, 975 (7th Cir.1990), *cert. denied,* 498 U.S. 1121, 111 S.Ct. 1077, 112 L.Ed.2d 1182 (1991).

The district court determined the extent of the downward departure to be awarded Hayes by starting with the lowest offense level consistent with a 60–month sentence and departing downward two levels from that point. This method is linked appropriately to the structure of the Guidelines. In addition, the two-level downward departure is reasonable for Hayes' substantial assistance. In fact, this departure is entirely consistent with the method we endorsed in *United States v. Thomas,* 930 F.2d 526 (7th Cir. 1991), *cert. denied,* —— U.S. ——, 112 S.Ct. 171, 116 L.Ed.2d 134 (1991). In *Thomas,* the defendant's offense carried a ten-year mandatory minimum sentence. The government recommended a four-year reduction, based on substantial assistance under § 3553(e). In remanding for an appropriate sentence, the *Thomas* Court stated that

> [t]he four-year reduction recommended by the government equates to a five-level reduction in the base offense level of thirty-two (the lowest possible offense level for which a ten-year sentence may be im-

posed).... [T]he guideline provision that is most directly analogous to a downward departure for rendering substantial assistance is § 3E1.1, which authorizes a two-level reduction for acceptance of responsibility. By way of negative inference, the two-level enhancement for obstruction of justice, § 3C1.1, may also be relevant. These provisions suggest that departures based on a defendant's cooperation with authorities may warrant something on the order of a two-level adjustment for each factor found by the court to bear similarly on its evaluation of the defendant's cooperation.

*Id.* at 531 (citation omitted). The district court properly employed the procedure set forth in *Thomas,* concluding that a reduction in Hayes' sentence from 60 to 47 months was "appropriate based on the substantial assistance provided." (R. 51–2.) This finding is not clearly erroneous and the extent of the departure is reasonable.

### III.

Because the district court used an appropriate method to calculate his downward departure for substantial assistance to the government and because the extent of the departure is reasonable, Hayes' sentence is AFFIRMED.