No. 96-2143

United States of America,          *
                                   *
        Appellee,                  *
                                   *
    v.                             *   Appeal from the United States
                                   *   District Court for the
Michael Joseph Schaffer,           *   Southern District of Iowa
                                   *
        Appellant.                 *


Submitted: November 19, 1996
Filed: April 1, 1997


Before FAGG and HANSEN, Circuit Judges, and MAGNUSON,* District Judge.


MAGNUSON, District Judge.


Michael Joseph Schaffer challenges the thirty-month sentence imposed by the district court[1] after he pled guilty to using or carrying a firearm during or in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1). We affirm.

**I.**


Michael Schaffer was arrested on drug charges during the execution of a search warrant at his residence on November 9, 1995. Within hours after his arrest, Schaffer waived his <u>Miranda</u> rights

---

*The Honorable PAUL A. MAGNUSON, Chief Judge, United States District Court for the District of Minnesota, sitting by designation.

[1]The Honorable Charles R. Wolle, Chief Judge, United States District Court for the Southern District of Iowa.

and agreed to cooperate with authorities. He told police about his involvement in a conspiracy to distribute cocaine base (crack cocaine), named his suppliers, and directed police to an undiscovered shotgun. Schaffer also admitted that he delivered the shotgun to a co-defendant in exchange for crack cocaine, thereby using and carrying a firearm during and in relation to a drug trafficking crime.

Schaffer entered into a plea agreement with the government shortly after his arrest. He agreed to plead guilty to Count 2 of the Indictment, Using and Carrying a Firearm During and in Relation to a Drug Trafficking Crime, in violation of 18 U.S.C. § 924(c)(1), and Count 4 of the Indictment, Possession with Intent to Distribute Cocaine Base, in violation of 21 U.S.C. § 841(a)(1). In exchange, the government agreed to move for a downward departure of twenty percent based on Schaffer's substantial assistance to authorities pursuant to 18 U.S.C. § 3553(e) and § 5K1.1 of the United States Sentencing Guidelines (the Guidelines). The plea agreement also specifically provided that Schaffer's sentence was to be determined under traditional Guidelines criteria.

Schaffer's Presentence Investigation Report determined that without a downward departure, the appropriate Guidelines sentencing range was 121 to 151 months for the drug count in addition to a consecutive 60-month sentence for the gun count. The calculation of Schaffer's sentencing range included a three-level reduction for acceptance of responsibility permitted by § 3E1.1 of the Guidelines. At sentencing, Schaffer argued that the statutory mandatory minimum sentence for a § 924(c)(1) violation should not be considered by the district court if the court granted the government's motion for downward departure under 18 U.S.C. § 3553(e), which permits the court to impose a sentence below a statutory minimum. Rather, Schaffer contended, the court should

disregard the statutory sentence, apply a two-level enhancement to the drug count for possession of a firearm, and sentence in accordance with U.S.S.G. § 2D1.1(b)(1).

The district court disagreed and instead determined that the mandatory minimum sentence of sixty months was the appropriate starting point for any downward departure as to the § 924(c)(1) count. The court granted the government's motion for downward departure and imposed a total sentence of ninety-one months: sixty-one months on the drug count and thirty months on the gun count. This sentence represented a reduction on each count of approximately fifty percent rather than the twenty percent reduction requested by the government.

Schaffer also asked the district court to reduce his § 924(c)(1) sentence based on acceptance of responsibility, either as an adjustment or as a departure for "extraordinary" reasons. The court found that the Sentencing Commission had already accounted for the type of early assistance that Schaffer provided to the government via the three-level acceptance of responsibility reduction that Schaffer received under § 3E1.1 of the Guidelines. Schaffer appeals his sentence on the § 924(c)(1) count.

**II.**

**A.**

Schaffer argues first that the district court erred in using the sixty-month mandatory minimum sentence prescribed in 18 U.S.C. § 924(c)(1) as the starting point for its downward departure based on Schaffer's substantial assistance. The proper approach, Schaffer contends, would have been to increase his drug sentence by

two levels for possession of a firearm pursuant § 2D1.1(b)(1) instead of imposing the consecutive sixty-month sentence.  We review de novo a district court's application of the Guidelines and the relevant statutes. See United States v. Polanco, 53 F.3d 893, 895 (8th Cir. 1995), cert. denied, 116 S. Ct. 2555 (1996); United States v. Hensley, 36 F.3d 39, 41 (8th Cir. 1994).

Congress provided district courts with limited authority to sentence a cooperating defendant below a mandatory minimum sentence in 18 U.S.C. § 3553(e), which provides that

> Upon motion of the Government, the court shall have the authority to impose a sentence below a level established by statute as minimum sentence so as to reflect a defendant's substantial assistance in the investigation or prosecution of another person who has committed an offense.  Such sentence shall be imposed in accordance with the guidelines and policy statements issued by the Sentencing Commission . . . .

18 U.S.C. § 3553(e).  We have recognized implicitly that § 924(c)(1) mandates the type of minimum sentence that a district court may decrease following a government's § 3553(e) motion for substantial assistance. Cf. United States v. Carnes, 945 F.2d 1013, 1014 (8th Cir. 1991) (finding that district court understood its authority to impose sentence of less than five years on § 924(c)(1) conviction but chose not to do so).  As Schaffer acknowledges, the district court would have been unable to depart downward on the § 924(c)(1) conviction if the government had not filed its § 3553(e) motion.  See United States v. Rodriquez-Morales, 958 F.2d 1441, 1447 (8th Cir.), cert. denied, 506 U.S. 940 (1992).

Once a district court grants a § 3553(e) motion, thus permitting sentencing below the statutory minimum, it must impose a sentence "in accordance with the guidelines and policy statements issued by the Sentencing Commission."  18 U.S.C. § 3553(e).  The

Guidelines do not establish a base offense level for § 924(c)(1) or provide a method by which a Guideline sentence for § 924(c)(1) could be calculated; rather, the Guidelines direct courts to sentence in accordance with the statute.  See U.S.S.G. § 2K2.4(a).  The resulting course of action for the district court is circular; § 3553(e) refers the court to the Guidelines, which in turn refer it back to the statutory minimum sentence.  Schaffer argues that by departing downward from the mandatory minimum sentence of sixty months instead of a sentence calculated pursuant to the Guidelines, the district court ignored the portion of § 3553(e), quoted above, that requires courts to rely on the Guidelines when calculating reduced sentences.  To disregard the second sentence of § 3553(e), Schaffer reasons, would violate the long-established canon of statutory construction that all sections of a statute be given effect. See In re Windsor on the River Assocs., 7 F.3d 127, 130 (8th Cir. 1993).

Schaffer maintains that the only way to give meaning to the entire text of § 3553(e) is to determine the initial sentence on both counts of his conviction as if the mandatory minimum sentence did not exist and then reduce that initial sentence in accordance with all Guideline principles. Because there is no specific offense level for a § 924(c)(1) conviction, § 2X5.1 of the Guidelines instructs the district court to apply the most analogous offense guideline.  U.S.S.G. § 2X5.1.  Schaffer believes that a two-level enhancement for possession of a firearm, listed as a specific offense characteristic of a drug trafficking crime under § 2D1.1(b)(1), is the Guideline offense most analogous to using or carrying a firearm during or in relation to a drug trafficking crime.  If we were to adopt Schaffer's reasoning, his total offense level on the drug count would increase from 31 to 33, the 60-month consecutive sentence would be eliminated, and his sentencing range would decrease from 181-211 (121-151 plus an additional 60 months)

to 151-188. Schaffer asserts that such an approach would calculate his sentence in accordance with the Guidelines, as the second sentence of § 3553(e) requires.

Whether the mandatory minimum sentence required by § 924(c)(1) is the proper starting point for a downward departure made pursuant to § 3553(e) is a question of first impression in this circuit. The only other court of appeals to address the issue as it pertains specifically to § 924(c)(1) found that the minimum sentence is the appropriate point of departure. See United States v. Aponte, 36 F.3d 1050, 1052 (11th Cir. 1994). In Aponte, the Eleventh Circuit rejected without discussion the defendant's argument that the district court should have equated his § 924(c)(1) conviction with the unlawful receipt, possession, or transportation of firearms, U.S.S.G. § 2K2.1, and departed downward from a base offense level of 12 as provided by § 2K2.1(a)(7) of the Guidelines. See Aponte, 36 F.3d at 1052. The court approved of the district court's starting point of base offense level 24, which correlated to a sixty-month sentence based on the defendant's criminal history category of I. See id. at 1051.

We agree with the Eleventh Circuit that the mandatory minimum sentence of § 924(c)(1) is the proper departure point following a § 3553(e) motion based on substantial assistance. Section 3553(e) directs district courts to refer to the Guidelines when departing downward because of a defendant's substantial assistance. The Guidelines that pertain to § 924(c)(1) refer back to the statute, which requires a sixty-month minimum sentence. U.S.S.G. § 2K2.4(a). The most logical conclusion to draw from these circular references is that the mandatory minimum sentence becomes the Guideline sentence for purposes of § 3553(e). Cf. United States v. Hayes, 5 F.3d 292, 295 (7th Cir. 1993) (finding that

sentencing court correctly departed downward from mandatory minimum sentence imposed by 21 U.S.C. § 841(a)(1) rather than the lower Guideline range that would have applied absent statutory minimum; citing U.S.S.G. § 5G1.1(b), which provides that "[w]here a statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence shall be the guideline sentence"). The district court correctly applied the Guidelines by departing downward from the sixty-month mandatory minimum sentence in sentencing Schaffer for his § 924(c)(1) conviction.

Moreover, the conduct that resulted in Schaffer's conviction under § 924(c)(1), using or carrying a firearm during or in relation to a drug trafficking crime, is significantly different and more serious than the conduct required for a two-level enhancement under § 2D1.1(b)(1), mere possession of a firearm. See Bailey v. United States, 116 S. Ct. 501, 506, 509 (1995) (holding that conviction for "use" of firearm under § 924(c)(1) requires "active employment;" § 924 cannot be used to penalize drug-trafficking offenders for firearm possession). Schaffer's approach would permit Schaffer to be sentenced for a much lesser offense than the one to which he pled guilty. Such a result would fly in the face of the strict penalty that Congress has mandated for those who use or carry a firearm while trafficking in drugs.

## B.

Schaffer also argues that the district court should have further reduced his § 924(c)(1) sentence for acceptance of responsibility, either as an adjustment or a departure. Schaffer correctly states that if a statute requires a consecutive sentence, as § 924(c)(1) does, that sentence must be determined and imposed

independently of the sentences on the other counts. U.S.S.G. § 5G1.2(a). Consequently, Schaffer contends, the acceptance of responsibility adjustment provided in § 3E1.1 of the Guidelines, which the district court applied to the drug count at sentencing, should also be applied independently to the gun count. The government counters by arguing that because the § 924(c)(1) sentence is calculated independently and is statutorily mandated, it is not available for any Guideline adjustments.

The Guidelines provide that the adjustments set forth in Chapter Three, including acceptance of responsibility, are to be applied to the base offense level. See U.S.S.G. § 1B1.4(c)-(e). The implication from this Guideline instruction is that adjustments are not to be applied to mandatory statutory sentences. See United States v. Rodriguez, 64 F.3d 638, 641 (11th Cir. 1995) (finding that Chapter Three adjustments are no longer relevant once a statutory maximum sentence becomes the Guideline sentence). The district court was correct not to adjust Schaffer's § 924(c)(1) conviction for acceptance of responsibility.

Alternatively, Schaffer maintains that the district court should have departed downward further on the § 924(c)(1) count based on extraordinary acceptance of responsibility. He contends that to disallow such a departure again ignores the second sentence of § 3553(e) by prohibiting the application of the Guidelines to his sentence and cites to an Eleventh Circuit case that purports to authorize such a departure. Rodriguez, 64 F.3d at 643(holding that district court has discretion to depart downward for acceptance of responsibility when § 5G1.1(a) renders § 3E1.1 ineffectual in reducing defendant's actual sentence).

We recently held that "a motion by the government under § 3553(e) for substantial assistance [is]'the only authority for

[a] district court to depart below the statutorily mandated minimum sentence.'"[2] <u>United States v. Rabins</u>, 63 F.3d 721 (8th Cir. 1995) (quoting <u>United States v. Rodriguez-Morales</u>, 958 F.2d 1441, 1444 (8th Cir.), <u>cert. denied</u>, 506 U.S. 940 (1992)), <u>cert. denied</u> <u>sub nom.</u> <u>Johnson v. United States</u>, 116 S. Ct. 1031 (1996). Furthermore, the Guidelines do not ordinarily recognize acceptance of responsibility as a reason for departure, U.S.S.G. § 5K, thus negating Schaffer's argument that we disregarded the second sentence of § 3553(e) in deciding <u>Rabins</u>. Section § 3553(e) does not authorize district courts to depart below the mandatory minimum for any reason other than substantial assistance. Schaffer is not entitled to any further reduction for acceptance of responsibility.

As a final note, we are aware of Schaffer's contention that the district court did not rule on his motion for further acceptance of responsibility at sentencing, thus requiring us to remand for resentencing. We disagree. A close examination of the sentencing transcript reveals that the district court did in fact consider and rule upon Schaffer's request for departure based on extraordinary acceptance of responsibility. Throughout the sentencing transcript, the district court often used the words "substantial assistance" interchangeably with "acceptance of responsibility." The district court found that Schaffer's early cooperation, while substantially assisting the government, did not warrant additional departure because "the guidelines commission has already taken into account the early assistance that [Schaffer] provided in giving him a three level--in considering that he would

---

[2]In 1994, Congress enacted 18 U.S.C. § 3553(f), the safety valve provision, which allows district courts to depart from the statutory minimum sentence under specified circumstances. Section § 3553(f) applies only to certain offenses under the Controlled Substances Act or the Controlled Substances Import and Export Act and does not pertain to violations of 18 U.S.C. § 924(c)(1).

be eligible for a three-level reduction for substantial assistance which he received." (Tr. at 187-88.)  The district court correctly calculated Schaffer's sentence in every respect.

For the reasons stated, the judgment of the district court is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT