

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-17-2002

# USA v. Cordero

Precedential or Non-Precedential: Precedential

Docket No. 01-2437

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"USA v. Cordero" (2002). *2002 Decisions.* Paper 799.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/799

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

PRECEDENTIAL

Filed December 17, 2002

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 01-2437

UNITED STATES OF AMERICA

v.

NICASIO CORDERO,

Appellant

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(Crim. No. 99-449-1)
District Judge: Hon. Curtis Joyner

Submitted Pursuant to Third Circuit LAR 34.1(a)
February 5, 2002

BEFORE: Becker, Chief Judge, McKee and Barry,
Circuit Judges

(Filed: December 17, 2002)

Neil E. Jokelson, ESQ.
Neil E. Jokelson & Associates
230 South Broad Street
18th Floor
Philadelphia, PA 19102
Attorney for Appellant,
Nicasio Cordero

Thomas M. Zaleski, ESQ.
Assistant United States Attorney
Criminal Division
Ofice of the United States
 Attorney General
615 Chestnut Street
Philadelphia, PA 19106
Attorney for Appellee,
United States

OPINION OF THE COURT

McKEE, Circuit Judge.

Nicasio Cordero pled guilty to various drug-related
offenses, and the district court thereafter sentenced him to
86 months imprisonment. The court arrived at that
sentence after granting a motion for a downward guidelines
departure that the government made pursuant to U.S.S.G.

S 5K1.1 and 18 U.S.C. S 3553(e). That motion allowed the court to impose a sentence that was less than the 10 year mandatory minimum period of incarceration that would have otherwise applied. On appeal, Cordero argues that the district court erred in using the mandatory minimum as the starting point for a downward departure. We will affirm.

I.

A grand jury indicted Cordero for conspiracy to distribute cocaine (Count One), possession of cocaine with the intent to distribute and aiding and abetting (Count Two), and possession of cocaine within a school zone with intent to distribute (Count Three), in violation of 21 U.S.C.SS 846, 841(a) (1), and 860. Cordero pled guilty to Counts One and Three pursuant to a written plea agreement in which he agreed to assist the government in its prosecution of two codefendants. In return for his assistance, the government agreed to:

> [m]ove to allow the court to depart from the Sentencing Guidelines pursuant to Sentencing Guideline Section 5K1.1 and to impose a sentence below any mandatory

2

> minimum term of imprisonment pursuant to 18 U.S.C. Section 3553(e), if the government . . . determines that the defendant has provided complete and substantial assistance in the investigation or prosecution of another person . . . .

R73-R74. Thereafter, the government filed a "substantial assistance motion" under U.S.S.G. S 5K1.1 pursuant to the plea agreement.

The district court's guideline calculation at sentencing yielded a total offense level of 28 and a criminal history category of II. After the court awarded a three level downward adjustment for acceptance of responsibility Cordero's base offense level was 25 and the applicable guideline range was therefore 63 to 78 months imprisonment. However, Cordero's plea subjected him to a mandatory minimum sentence of 10 years imprisonment pursuant to 21 U.S.C. S 841(b)(1). The district court therefore applied U.S.S.G. S 5G1.1(b), and adjusted the applicable guideline range upward to 120 months (10 years) to account for the mandatory minimum sentence required by the operation of S 841(b)(1). The district court then used that 120 month mandatory minimum as the departure point for granting a downward departure pursuant to the government's substantial assistance motion.

As noted above, the court sentenced Cordero to 86 months imprisonment.1 That sentence is obviously less than the mandatory minimum required by S 841(b)(1), but substantially above the guideline range of 63 to 78 months that would have applied absent the mandatory minimum and the government's 5K1.1 motion. Cordero appeals

arguing that the district court should have applied the 5K1.1 departure to the 63 to 78 month range rather than the 10 year mandatory minimum.2

---

1. Codero's sentence also included eight years of supervised release, a $1,000 fine, and a special assessment of $200.

2. Inasmuch as Cordero did not object at sentencing, we review for plain error. United States v. Clark, 237 F.3d 293 (3d Cir. 2001). However, the standard of review is not determinative because our analysis would be the same even if we subjected Cordero's sentence to de novo review.

3

II.

We have not yet decided whether the starting point for a sentencing departure is the statutory mandatory minimum sentence or the otherwise applicable guideline range. However, the issue has been decided by several other circuit courts of appeals. See United States v. Li, 206 F.3d 78, 89 (1st Cir. 2000); United States v. Head , 178 F.3d 1205, 1206 (11th Cir. 1999); United States v. Schaffer, 110 F.3d 530, 533-4 (8th Cir. 1997); and United States v. Hayes, 5 F.3d 292, 295 (7th Cir. 1993). In each of those cases, the court concluded that the appropriate starting point is the mandatory minimum sentence, not the guideline range that would apply in its absence.

In Hayes, the defendant pled guilty to violating 21 U.S.C. S 841(a)(1), and was therefore subject to a mandatory minimum period of incarceration of 60 months pursuant to 21 U.S.C. S 841(b)(1)(B)(vii). Hayes, 5 F.3d at 294. However, the government filed a substantial assistance motion, and the sentencing court eventually imposed a sentence of 47 months imprisonment on remand. Id. The court arrived at that sentence by starting at guideline level 24 which was the lowest guideline offense level calling for a 60 month sentence. Id. The court then departed downward two levels for Hayes' substantial assistance. Id. The resulting level of 22 called for a sentencing range of 41 to 51 months. Id. Hayes' sentence of 47 months was therefore within that guideline range. Id. Hayes appealed arguing that the court should have applied the 5K1.1 departure to the 41 to 51 month range for his offense level and criminal history category rather than the 60 month mandatory minimum sentence required by S 841. Id. The court of appeals disagreed and affirmed the sentence. Id. at 295.

In Schaffer, the defendant argued that the sentencing court should disregard a 60 month mandatory minimum sentence in calculating the appropriate sentence and awarding him for his substantial assistance. Schaffer, 110 F.3 at 532. The district court disagreed and used the 60 month mandatory minimum as the appropriate starting point for departing on the count that triggered the mandatory minimum sentence. Id. The defendant appealed, and the court of appeals again affirmed. Id. at 533-34.

Similarly, in Head, the defendant pled guilty to distributing methamphetamine in violation of 21 U.S.C. S 846, and was therefore subject to a mandatory period of imprisonment of 120 months pursuant to 21 U.S.C. S 841(b)(1). Head, 178 F.3d at 1206. Head's total offense level and criminal history category would have otherwise resulted in a guideline range of between 70 and 87 months imprisonment. Id. Pursuant to a plea agreement, the government filed a S 5K1.1 motion. Id. Head urged the sentencing court to use the 70 to 87 month range as the starting point for awarding the 5K1.1 departure. The government resisted that argument and claimed that the court should apply any departure to the mandatory minimum rather than the 70 to 87 month range. The district court agreed with the government's position, and the court of appeals affirmed. Id. The court of appeals reasoned that "the Guidelines do not contemplate a downward departure for substantial assistance until after the court applies section 5G1.1(b), which establishes that the applicable guideline sentence shall be the mandatory minimum sentence." Id. at 1208 (emphasis in original).

Finally, in United States v. Li, the court of appeals also rejected the precise argument Cordero is making here. The court explained:

> this analysis is flawed because appellants mistakenly utilize their total offense levels as the starting point for calculating the extent of their departures. . . . Sentencing Guideline S 5G1.1(b) provides that, where a statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the mandatory minimum sentence shall be the guideline sentence.

Li, 206 F.3d at 89.

Cordero's argument to the contrary is based entirely upon his reading of 18 U.S.C. S 3553(e). That section provides as follows:

> Upon motion of the Government, the court shall have the authority to impose a sentence below a level established by statute as minimum sentence so as to reflect a defendant's substantial assistance in the

> investigation or prosecution of another person who has committed an offense. Such sentence shall be imposed in accordance with the guidelines and policy statements issued by the Sentencing Commission pursuant to section 994 of title 28, United States Code.

18 U.S.C. S 3553 (e).3

U.S.S.G. S 5K1.1 states: "[u]pon motion of the government stating that the defendant has provided substantial assistance in the investigation or prosecution of another person who has committed an offense, the court may depart from the guidelines." U.S.S.G. S 5K1.1. Thus, argues Cordero, under S 3553(e) the sentencing court must select a starting point "in accordance with the guidelines" in granting a 5K1.1 motion, and then "depart from the guidelines" in order to reward a defendant for his/her substantial assistance.

According to Cordero, once the sentencing court grants the government's 5K1.1 motion for a downward departure, the court should disregard any otherwise applicable mandatory minimum period of imprisonment, and impose a sentence that uses the guideline range determined by a defendant's base offense level and criminal history as its starting point.[4]

Cordero's reading of S 3553(e) is unpersuasive because it ignores the impact of a mandatory minimum sentence on the guidelines when a mandatory minimum sentence applies. As the court explained in Li, the guidelines specifically state: "[w]here a statutorily required minimum sentence is greater than the maximum of the applicable

_____

3. The appellants in Head, Schaffer , and Hayes all unsuccessfully relied on this same language. Cordero makes no effort to distinguish any of these cases. He neither cites any of those cases in his brief, nor offers any explanation for that omission.

4. Although this is not a precise statement of Cordero's argument, it is, in essence, what he is claiming. He also argues that the district court should "waive" the mandatory minimum, and that using the mandatory minimum as the starting point rather than the "guideline range" constitutes an upward departure under the guidelines. However, as we shall explain below, these alternative statements of his position do not change our analysis or our result. See Appellant's Br. at 8, and 11.

6

guideline range, the statutorily required minimum sentence shall be the guideline sentence." U.S.S.G. S 5G1.1(b). Therefore, Cordero's "guideline sentence" was not the range determined by his offense level and criminal history category at all. Rather, it was the 120 month period of imprisonment required under S 841(b)(1) because of his guilty plea to cocaine distribution. The court in Li also noted that the Commentary to S 5G1.1(b) removes any doubt as to the operation of that guideline by offering the following example:

> if the applicable guideline range is 41-51 months and there is a mandatory minimum of 60 months, the required sentence is 60 months and any sentence greater than that would be a guideline departure. [Accordingly, it is] clear that the proper starting point

> from which a departure is to be subtracted or to which it must be added is the greater of the guideline range or the mandatory minimum.

Li, 206 F.3d at 89. Therefore, the 120 month mandatory minimum sentence Cordero was exposed to under S 841(b)(1) displaced the 63 to 78 month range that the court calculated under the guidelines. Accordingly, we conclude that the district court appropriately recognized Cordero's substantial assistance by departing downward from 120 months rather than from the 63 to 78 month range.

Before concluding our discussion of Cordero's argument, we note that Cordero suggests that a 5K1.1 motion results in a "waiver of [the] 10 year minimum mandatory maximum." See Appellant's Br. at 8. Although Cordero does not elaborate upon this waiver argument it appears to be based upon U.S.S.G. S 2D1.1, Application note 7 ("note 7"). Note 7 provides:

> Where a mandatory (statutory) minimum sentence applies, this mandatory minimum sentence may be "waived" and a lower sentence imposed (including a sentence below the applicable guideline range) ... by reason of a defendant's "substantial assistance in the investigation or prosecution of another person who has committed an offense."

U.S.S.G. S 2D1.1, cmt. (n.7) (quoting S 5K1.1). However, as the court noted in Head, note 7 does not provide any assistance in determining a starting point for departures.

> Instead, note 7 observes that in some cases involving a statutory minimum sentence, the court may waive that minimum sentence and impose a sentence below the statutory minimum. The district court's authority to depart downward for substantial assistance [pursuant to S 5K1.1] represents one of the last steps the court must take in imposing a sentence. . . . [T]he Guidelines do not contemplate a downward departure for substantial assistance until after the court applies section 5G1.1(b), which establishes that the applicable guideline sentence shall be the mandatory minimum sentence. Applying the Guidelines in order, therefore, produces a pre-departure guideline sentence of 120 months . . . .

Head, 178 F.3d at 1208 (emphasis in original). Thus, we reject Cordero's attempt to view the operation of S 3553(e) as "waiving" the mandatory minimum. The mandatory period of incarceration is not "waived." Rather, it subsumes and displaces the otherwise applicable guideline range and thus becomes the starting point for any departure or enhancement that the sentencing court may apply in calculating the appropriate sentence under the guidelines.

We also reject Cordero's attempt to challenge the sentence as an unsupported "upward departure from the guidelines." Appellant's Br. at 9. Cordero characterizes his sentence as an upward departure from the sentencing range of 63 to 78 months and then argues that the court "was not conscious [of that] upward departure from the Sentencing Guidelines . . . but instead . . . clearly and erroneously believed that the mandatory minimum of 10 years was, in effect, the Sentencing Guideline." Appellant's Br. at 11. However, the record contradicts Cordero's attempt to redefine his sentence as an upward departure. The sentencing court did not impose an upward departure at all. Rather, it granted a downward departure as the government requested. In doing so, the court correctly concluded that the appropriate starting point for reducing Cordero's sentence was the mandatory minimum of 10

years imprisonment rather than the range derived from the offense level and criminal history category.

III.

For the reasons set forth above, we will affirm the judgment of sentence of the district court.

A True Copy:
Teste:

      Clerk of the United States Court of Appeals
      for the Third Circuit