UNITED STATES of America, Plaintiff–Respondent

v.

Gerald J. HOLMES, Defendant–Movant.

Criminal Action No. 2:02–823.

United States District Court, D. South Carolina, Charleston Division.

June 9, 2008.

## ORDER

PATRICK MICHAEL DUFFY, District Judge.

This matter is before the court on Movant Gerald J. Holmes' ("Holmes") Motion for Reduction of Sentence pursuant to 18 U.S.C. § 3582(c)(2) and § 1B1.10(c) of the United States Sentencing Commission Guidelines. Holmes was sentenced to 192 months of imprisonment by this court on August 19, 2004. Holmes filed his Motion for Reduction of Sentence with this court on April 15, 2008. For the reasons stated herein, Movant's Motion for Reduction of Sentence is denied.

### FACTUAL BACKGROUND

Holmes pled guilty to two separate counts of possession of cocaine base ("crack") with intent to distribute.[1] Holmes had a total offense level of 31 and a criminal history category of II, which, under the United States Sentencing Guidelines, meant that Holmes was facing a sentencing range of 121 to 151 months of imprisonment. However, the ordinary Guideline range was preempted by a statu-

tory minimum of 20 years of imprisonment because of the weight of the drugs and Holmes' criminal history. Since Holmes provided substantial assistance to the government in related cases, the Government moved for downward departure pursuant to § 5K1.1 of the Guidelines. Pursuant to this motion, the court sentenced Holmes to 192 months of imprisonment, 48 months less than the statutory mandatory minimum.

However, the United States Sentencing Commission has recently changed the Guidelines as applied to offenders convicted of crimes involving crack cocaine. The Government does not dispute that under the current Guidelines, Holmes' Guideline range would be reduced to 97 to 121 months of imprisonment. However, it is also undisputed that the relevant statutory mandatory minimum of 20 years of imprisonment for an offender with Holmes' criminal history and the amount of crack cocaine for which he was found responsible is still in effect.

On April 15, 2008, Holmes filed a Motion to Alter His Sentence in accordance with the retroactive application of the revised Guidelines. The Government filed a Response in Opposition to this Motion on May 8, to which Holmes replied on May 9.

### ANALYSIS

▪ Federal statute provides that:

[I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(*o*), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment,

---

1. One count alleged that Holmes was responsible for 5 grams or more and the other count alleged that Holmes was responsible for 50 grams or more.

after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2).

Here, neither side disputes that the Sentencing Commission has recently lowered the sentencing ranges for offenders who are responsible for crack cocaine. The Commission did this through Amendment 706, which reduces the base offense level for most crack cocaine offenses. On December 11, 2007, the Commission added Amendment 706 to the list of amendments that could be retroactively applied, effective March 3, 2008, under § 3582(c)(2).

The Commission has also adopted provisions which define the conditions under which reductions may be granted under § 3582(c), including § 1B1.10(a)(2)(B), which provides that:

> *Exclusions.*—A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if—
>
> (B) an amendment listed in subsection (c) *does not have the effect of lowering the defendant's applicable guideline range.*

U.S.S.G. § 1B1.10(a)(2)(B) (2007) (emphasis added). The Government contends that although his ordinary Guideline range recommendation would be reduced under the recent revisions, the *applicable guideline range* is still the 240 month statutory mandatory minimum.

Holmes argues that while the 240 month statutory mandatory minimum may be the guideline *sentence,* it is not the guideline *range,* which is what is specified in § 1B1.10. Holmes' main support for this assertion comes from § 5G1.1(b) of the Guidelines, which states that "[w]here a statutorily required minimum sentence is greater than the maximum of the applicable guideline *range,* the statutorily required minimum sentence shall be the guideline *sentence.*" U.S.S.G. § 5G1.1(b) (2007) (emphasis added).

■ However, when a statutory mandatory minimum exceeds the applicable Guideline range, and the defendant is given a downward departure, the appropriate baseline from which the court is to depart is the mandatory minimum. *United States v. Pillow,* 191 F.3d 403, 407 (4th Cir.1999). For all intents and purposes, then, when the applicable Guideline range is below the statutory mandatory minimum, the mandatory minimum replaces the Guideline range, which the court no longer considers in sentencing the defendant. *See, e.g., United States v. Cordero,* 313 F.3d 161, 165 (3d Cir.2002) ("Therefore, Cordero's 'guideline sentence' was not the range determined by his offense level and criminal history category at all. Rather, it was the 120 month period of imprisonment under § 841(b)(1) . . . ."). Holmes has given this court no persuasive reason why in this one particular instance, district courts should factor in the otherwise irrelevant Guideline recommendation in sentencing an offender who is subject to a statutory mandatory minimum.

While the retroactive application of the amended Guidelines happened fairly recently, a number of courts have already heard and decided cases presenting the issue currently before this court. Tellingly, such courts have unanimously held that the mandatory minimum takes the place of the Guideline recommendation, and therefore the fact that the Guideline recommendation may have been altered does not entitle a defendant to be resentenced. *See, e.g., United States v. Johnson,* 517 F.3d 1020, 1024 (8th Cir.2008) ("Johnson submits that these amendments would reduce his guideline range for the drug

charge to 78–97 months, but because this is lower than the 120 month minimum in 21 U.S.C. § 841(b)(1)(A), 120 months would become the guideline sentence under § 5G1.1(b). Since the district court used the 120 month mandatory minimum as its point of departure, resentencing is not warranted."); *United States v. Joiner,* 2008 WL 1902721 (W.D.La. Apr. 29, 2008); *United States v. Rojas,* 2008 WL 1743485 (D.Me. Apr. 15, 2008); *United States v. Rivera–Crespo,* 543 F.Supp.2d 436 (E.D.Pa.2008); *United States v. Ortiz,* 551 F.Supp.2d 202 (S.D.N.Y.2008); *United States v. Veale,* 2008 WL 619176 (N.D.N.Y. Mar. 3, 2008).

Furthermore, in determining whether an offender should have his sentence lowered, the Guidelines instruct courts that:

> In determining whether, and to what extent, a reduction in the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement is warranted, *the court shall determine the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines listed in subsection (c) had been in effect at the time the defendant was sentenced.* In making such determination, the court shall substitute only the amendments listed in subsection (c) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected.

United States Sentencing Guidelines Manual § 1B1.10(b)(1) (2008) (emphasis added). Therefore, this court must determine whether Holmes would have received a different sentence than the one he received in 2004 were he being sentenced under the current Guidelines.

The issue before the court in this case is whether Holmes is entitled to have his sentence reduced. He asserts that he is so entitled because his crime involved crack cocaine, and the Guideline range for his crime has subsequently been lowered and has explicitly been applied retroactively to offenders sentenced under previous versions of the Guidelines.

However, the indisputable fact of the matter is that while the Guideline range for Holmes' crime may have been changed by the recent revisions to the Guidelines, the relevant statutory mandatory minimum has *not* changed. Therefore, were Holmes being sentenced under the current version of the Guidelines, the court's baseline for sentencing him would not be the Guideline recommendation, but rather the 240 month mandatory minimum. In his Motion for Reduction of Sentence, Holmes asserts that:

> Had this court known of this new sentencing table at the time of the original sentencing, it could have considered this new range as the framework for analyzing the extent of departure based upon the Defendant's cooperation. The Defendant is not being presumptuous when he suggests this court would in fact have done so. To read the law to prevent this same result now is fallacious.

(Def.'s Mot. at 9.)

However, this court did not consider Holmes' Guideline calculation of 121 to 151 months of imprisonment in sentencing him, and was in fact prohibited from doing so. When considering whether to grant a motion for downward departure, "any factor considered by the district court on a § 5K1.1 motion must relate to the 'nature, extent, and significance' of the defendant's assistance." *United States v. Pearce,* 191 F.3d 488, 492 (4th Cir.1999) (quoting U.S.S.G. § 5K1.1, comment). Therefore, when this court granted Holmes a downward departure from the mandatory minimum 240 months of imprisonment to 192 months of imprisonment, it did so solely on the basis of the "nature, extent, and signif-

icance" of Holmes' cooperation with the government, and not on the basis of any other consideration. Specifically, the court, contrary to Holmes' assertion, did not consider that the Guideline recommendation for Holmes was 121 to 151 months of imprisonment in granting Holmes a 48 month downward departure.

The court fails to see, then, how the change in the Guidelines, and the retroactive application thereof, has any impact at all upon the sentence given to Holmes. The Guideline recommendation was explicitly preempted by the statutory mandatory minimum, which became the new baseline used by this court in sentencing Holmes. Based on the Government's motion for downward departure in accordance with § 5K1.1, this court evaluated the "nature, extent, and significance" of Holmes' cooperation and assistance and determined that Holmes was entitled to a 48 month downward departure. Since the Guideline recommendation played no part in the sentence this court gave Holmes, and all of the other relevant sentencing laws and policies have not changed since 2004, Holmes would receive the exact same sentence today as he did then.

Finally, Holmes argues that this court should grant his Motion for Reduction because to refuse to do so would be to construe 18 U.S.C. § 3582 in an absurd way.

As an example, Holmes notes that, under the Government's proposed interpretation of the law, a noncooperating defendant responsible for 49 grams of crack cocaine (therefore *not* qualifying for the mandatory minimum) would be able to reap the benefit of a sentencing reduction as a result of the retroactive application of the Guidelines, while a defendant responsible for 50 grams of crack cocaine who fully cooperated with the government would not be eligible for a sentencing reduction because of the mandatory minimum. While the court recognizes a certain amount of inequity in Holmes' hypothetical, what Holmes is really objecting to is the arbitrary eligibility cutoff for the statutory mandatory minimum in question, as someone responsible for 49 grams of crack cocaine would be sentenced under a recommended Guideline range of 78 to 87 months of imprisonment, while someone responsible for 50 grams of cocaine would be sentenced to at least the mandatory minimum of 240 months of imprisonment. However, instituting categories of this sort by its very nature involves a certain amount of seemingly arbitrary line-drawing, and this falls well short of being so absurd that the court should not follow the clear direction of the applicable law.[2]

The court holds that simply because an offender has received a downward depar-

---

2. In fact, it would seem to lead to an even more absurd result were the court to accept Holmes' interpretation of the law in this case. If the court were to do so, there could be a scenario where two separate offenders were responsible for 50 grams of crack cocaine or more (therefore both qualifying for the 240 month statutory mandatory minimum), but only one offered substantial assistance to the government sufficient enough to receive a downward departure. The offender who offered this substantial assistance would have then had his or her prison sentence reduced as a reward for their cooperation with the government, while the offender who did not cooperate received the mandatory minimum.

However, according to Holmes, the cooperating offender should then receive yet another reduction in sentence due to a subsequent lowering of the Guideline recommendation, which played no part in his or her sentencing, while the offender who offered no substantial assistance would not receive this reduction. In effect, then, Holmes' proposed application of the law would doubly reward offenders who offered the government substantial assistance, even though the relevant changes to the Guidelines had nothing whatsoever to do with encouraging cooperation with law enforcement or rewarding substantial assistance.

ture from a statutory mandatory minimum, this does not mean that the offender's sentence is completely unmoored from that baseline. If the applicable Guideline sentencing recommendation falls below the mandatory minimum, the mandatory minimum replaces the Guideline range for future sentencing decisions, even if the court decides to the depart from the mandatory minimum. In the present case, Holmes was given a reduced sentence solely as a result of his substantial efforts at assisting the government with other investigations and prosecutions, but this process in no way involved any consideration of his applicable Guideline range involving his offense and criminal history levels. Furthermore, all sentencing laws relevant to Holmes' case are exactly the same in 2008 as they were when he was initially sentenced in 2004, so the court can only conclude that he would receive the exact same sentence if he were initially sentenced today.

Accordingly, Holmes has presented the court with no valid reason why he is entitled to have his sentence reduced under the retroactive application of the recent amendments to the United States Sentencing Guidelines.

## CONCLUSION

It is therefore **ORDERED,** for the foregoing reasons, that Movant Gerald Holmes's Motion for Reduction of Sentence is **DENIED.**

**AND IT IS SO ORDERED.**