**UNITED STATES of America, Appellee,**

v.

**Scott BAKER, Appellant.**

**No. 94–4131EM.**

United States Court of Appeals, Eighth Circuit.

Submitted June 13, 1995.

Decided Aug. 31, 1995.

---

JoAnn Trog, argued, St. Louis, MO, for appellant.

Steven E. Holtshouser, argued, St. Louis, MO, for appellee.

Before RICHARD S. ARNOLD, Chief Judge, FLOYD R. GIBSON and JOHN R. GIBSON, Senior Circuit Judges.

RICHARD S. ARNOLD, Chief Judge.

Scott Baker pleaded guilty to one count of conspiracy to distribute cocaine and one count of possession with intent to distribute five kilograms or more of cocaine. 21 U.S.C. § 841(a)(1); 21 U.S.C. § 846. The District Court[1] sentenced him to ten years' imprisonment. On appeal, Baker claims that it was error for the District Court to impose a two-level enhancement under U.S.S.G. § 2D1.1. We affirm.

I.

The facts are undisputed. In mid–1993, Baker, Alfonso Ochoa, Michael Broom, and Ivan Mejia–Uribe conspired to transport multi-kilogram quantities of cocaine from Houston, Texas, for distribution in St. Louis, Missouri. On April 15, 1994, just outside Houston, state troopers stopped Baker in his pick-up truck with his young son. The troopers also stopped a Mustang, which was owned by Baker and was travelling behind his truck.

[1] The Hon. Jean C. Hamilton, Chief Judge, United States District Court for the Eastern District of Missouri.

During a search of Baker's truck, the troopers recovered a loaded Beretta .380 caliber semi-automatic pistol. They also recovered approximately $2,000.00 from Baker's front pocket. A search of the Mustang revealed 8,533 grams of cocaine. The troopers seized the cocaine and the weapon, and arrested Baker.

Baker was later indicted. He entered into a plea agreement with the government, and on August 30, 1994, pleaded guilty to conspiracy to distribute and possession with intent to distribute cocaine. Baker's base offense level was 36. He received a two-level enhancement pursuant to § 2D1.1(b), raising his offense level to 38, with a guideline range of 235 to 293 months. The District Court then departed downward to the statutory minimum sentence of 10 years, 21 U.S.C. § 841(b)(1)(A)(ii), pursuant to the government's § 5K1.1 motion based on Baker's substantial assistance. On appeal, Baker claims that the § 2D1.1 enhancement was error because the evidence was insufficient to connect the weapon to the conspiracy.

## II.

■ Baker's sentence is not reviewable. The District Court departed from the applicable Guideline sentencing range, and we lack the authority to review the extent of that departure. *United States v. Dutcher,* 8 F.3d 11, 12 (8th Cir.1993). Baker was sentenced to ten years' imprisonment following the District Court's departure below the applicable sentencing range pursuant to the government's § 5K1.1 motion. His ten-year sentence represents a downward departure from the Guideline sentencing range of 235 to 293 months, which includes the two-level enhancement. It also represents a downward departure from the 235– to 188–month sentencing range which would have been applicable absent the enhancement. In cases such as this one, where the district court departs below the applicable Guideline sentencing range with or without the challenged enhancement, we have held consistently that the sentence is not reviewable. See, *e.g., United States v. Wyatt,* 26 F.3d 863 (8th Cir.1994) (per curiam).

■ We also note that Baker received the lowest possible sentence—the statutory minimum sentence of ten years. In order for a district court to depart from a statutory minimum sentence, the government must file a motion under 18 U.S.C. § 3553(e), *United States v. Stockdall,* 45 F.3d 1257, 1259 (8th Cir.1995), which it did not do in this case. Thus, even if we concluded that Baker's sentence is reviewable, which we do not, Baker could be imprisoned for no less than the statutory minimum sentence of ten years, which is the sentence he received.

■ Moreover, Baker's argument fails on the merits. A § 2D1.1 enhancement is appropriate if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense. *United States v. Williams,* 10 F.3d 590, 595 (8th Cir.1993). We will not reverse the District Court's conclusion that the weapon was connected to the offense unless it is clearly erroneous. See *United States v. Lucht,* 18 F.3d 541, 555 (8th Cir.), *cert. denied,* —— U.S. ——, 115 S.Ct. 363, 130 L.Ed.2d 316 (1994).

■ On the basis of the undisputed evidence in this case, the District Court held that it was not clearly improbable that the weapon found in Baker's truck was connected to the transportation of cocaine. We agree. Baker admitted that he was involved in an ongoing conspiracy to transport cocaine from Houston to St. Louis for distribution. He also admitted that on April 15, 1994, in furtherance of that conspiracy, he was leading a two-vehicle convoy to transport cocaine from Houston to St. Louis. Eight kilograms of cocaine were found in the second vehicle, a large sum of cash was found in Baker's pocket, and the weapon was found in Baker's truck. In addition, the weapon was readily accessible and loaded. This evidence convinces us that the gun was connected to the overall conspiracy. See *United States v. Richmond,* 37 F.3d 418, 420 (8th Cir.1994), *cert. denied,* —— U.S. ——, 115 S.Ct. 1163, 130 L.Ed.2d 1119 (1995). The fact that the cash found on Baker during the stop was not seized, and the fact that Baker was not charged immediately after the April 15, 1994 arrest, in no way undermines the evidence

supporting the § 2D1.1 enhancement. Therefore, it was not clear error for the District Court to conclude that it was not clearly improbable that the weapon was connected to the offense.

For the foregoing reasons, Baker's sentence is affirmed.