United States Court of Appeals
FOR THE EIGHTH CIRCUIT

_____

No. 96-3202

_____

United States of America,

　　　　Appellee,

　　v.

Carolyn Annette Woods, also known as
Carolyn A. Hamilton, also known as
Carolyn Johnson, also known as Caroline
Hamilton, also known as Carolyn Graves,
also known as Carolyn Scoggins,

　　　　Appellant.

\*
\*
\*
\*
\*
\*
\*
\*
\*
\*
\*
\*
\*
\*
\*

Appeal from the United States
District Court for the
Western District of Missouri.

[UNPUBLISHED]

_____

Submitted: July 24, 1997
　　Filed: July 28, 1997

_____

Before FAGG, BOWMAN, and MURPHY, Circuit Judges.

_____

PER CURIAM.

From approximately 1991, as part of a drug-distribution conspiracy, cocaine and crack cocaine were distributed from Carolyn Annette Woods's residence in Kansas City, Missouri. In May 1994, after a search warrant was executed at Woods's residence, authorities recovered loaded handguns and a rifle. Woods later pleaded guilty to conspiring to distribute and possess with intent to distribute cocaine and

cocaine base from December 1989 through November 1994, in violation of 21 U.S.C. §§ 846 and 841(a)(1) and (b)(1)(A). After calculating a Guidelines sentencing range of 292 to 365 months--which included enhancements for possessing a firearm and for her aggravating role in the offense--the district court[1] granted the government's motion for a downward departure from the statutory minimum and Guidelines range, based on Woods's substantial cooperation; the court sentenced Woods to 108 months imprisonment and 5 years supervised release. Woods appeals, and we affirm.

For reversal, Woods argues the district court erred in assessing a 2-level firearm enhancement under U.S. Sentencing Guidelines Manual § 2D1.1(b)(1), and a 3-level enhancement for being a manager or supervisor under U.S. Sentencing Guidelines Manual § 3B1.1(b). Without these enhancements, Woods would have had a total offense level of 35 and a resulting Guidelines range of 168 to 210 months. Because Woods's 108-month sentence represents a downward departure from that range, her sentence is unreviewable. See United States v. Baker, 64 F.3d 439, 441 (8th Cir. 1995) (where district court departs below applicable Guidelines range with or without challenged enhancement, this court has consistently held sentence is not reviewable).

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.

---

[1]The Honorable D. Brook Bartlett, Chief Judge, United States District Court for the Western District of Missouri.