United States Court of Appeals
**FOR THE EIGHTH CIRCUIT**

_____

No. 97-1549

_____

United States of America,         *
                                  *

        Appellee,         *

                                  *

     v.                  *

                                  *

Derrick Eugene Coleman, also known   *
as Wobbley,                  *

                                  *

        Appellant.        *

_____                Appeals from the United States
                                    District Court for the
No. 97-1915              District of Minnesota.

_____

United States of America,         *        [PUBLISHED]

                                  *

        Appellee,         *

                                  *

     v.                  *

                                  *

Deanna Elaine Foster,           *

                                  *

        Appellant.        *

_____

No. 97-1916

_____

United States of America,                    *
                                             *
                Appellee,                    *
                                             *
        v.                                   *
                                             *
Lana Ann Glass, also known as                *
Lana Ann Bellecourt,                         *
                                             *
                Appellant.                   *

                _____

                No. 97-1917
                _____

United States of America,                    *
                                             *
                Appellee,                    *
                                             *
        v.                                   *
                                             *
Kathryn Chevette Wooten,                     *
                                             *
                Appellant.                   *
                                             *

                _____

                No. 97-2213
                _____

United States of America,                    *
                                             *
        Appellee,                            *
                                             *
        v.                                   *
                                             *

Damon Laurice Whitmore,                          *

                                              *

              Appellant.                  *

_____

Submitted: December 26, 1997
Filed: January 6, 1998

_____

Before FAGG, BOWMAN and MURPHY, Circuit Judges.

_____

PER CURIAM.

In this consolidated direct criminal appeal, Derrick Eugene Coleman, Deanna Elaine Foster, Lana Ann Glass, Kathryn Chevette Wooten, and Damon Laurice Whitmore challenge the sentences imposed on them by the district court[1] after they each pleaded guilty to conspiring to distribute cocaine base and to possessing it with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1) and 846. We affirm.

The plea agreement and presentence report (PSR) of each defendant, except Coleman, contemplated receipt of a mitigating-role reduction under U.S. Sentencing Guidelines Manual § 3B1.2 (1997). At sentencing, however, the district court found that each defendant was an "average participant" and therefore was not entitled to the reduction. After granting the government's downward departure motions under 18 U.S.C. § 3553(e) and U.S. Sentencing Guidelines Manual § 5K1.1, p.s. (1997), the

_____

[1]The Honorable David S. Doty, United States District Judge for the District of Minnesota.

-3-

court sentenced Coleman to 150 months imprisonment, Foster and Wooten to 70 months imprisonment each, Glass to 96 months imprisonment, and Whitmore to 204 months imprisonment; each defendant also was sentenced to serve five years supervised release following imprisonment.

On appeal, Glass and Wooten first argue that the court erred in failing to provide notice of its intent to deny them a mitigating-role reduction. We have previously rejected the notion that a district court is required to give advance notice of its intent to deny a mitigating-role reduction, however, and we are bound by that decision. See United States v. Rodamaker, 56 F.3d 898, 903-04 (8th Cir. 1995).

Glass also argues that the district court erred by failing to make a factual finding as to whether the conduct underlying a prior theft conviction, for which she received one criminal history point, established that she had committed a theft. The record before us shows she merely argued--in the context of her U.S. Sentencing Guidelines Manual § 4A1.3, p.s. (1997) motion to depart downward on the basis that her Category II criminal history overstated the seriousness of her past conduct--that the PSR's description of the conduct belied the criminality of the offense; this was not a sufficiently specific objection to the fact of her conviction. See United States v. Flores, 9 F.3d 54, 55-56 (8th Cir. 1993) (absent objection alerting court to need for specific finding regarding challenged factual allegation in PSR, court may rely on PSR).

Next, all defendants argue that the court erred in denying them a mitigating-role reduction. We agree with the government that the district court's denial of these mitigating-role reductions is unreviewable, because they received sentences below the

applicable Guidelines range with or without the requested reduction.  See United States v. Baker, 64 F.3d 439, 441 (8th Cir. 1995).

Specifically, Coleman had a Guidelines imprisonment range of 235 to 293 months, based on a total offense level of 35 and a Category IV criminal history; he would have had a Guidelines range of 168 to 210 months if he had received the three-level mitigating-role reduction he requested at sentencing; and he was sentenced to 150 months imprisonment.  Foster and Wooten had a Guidelines imprisonment range of 135 to 168 months, based on a total offense level of 33 and a Category I criminal history; they would have had a Guidelines range of 87 to 108 months if they had received a four-level reduction (two levels for being minor participants, and two levels under U.S. Sentencing Guidelines Manual § 2D1.1, comment. (n.14) (1997)); and they were sentenced to 70 months imprisonment.  Whitmore had a Guidelines imprisonment range of 262 to 327 months, based on a total offense level of 35 and a Category V criminal history; he would have had a Guidelines range of 210 to 262 months if he had received a two-level minor-participant reduction; and he was sentenced to 204 months imprisonment.  See U.S. Sentencing Guidelines Manual Ch.5, Pt.A (sentencing table) (1997).

As to Glass, the district court made an unreviewable discretionary decision not to depart under section 4A1.3 from her criminal history category, see United States v. Hall, 7 F.3d 1394, 1396 (8th Cir. 1993); and even assuming she received a four-level minimal-participant reduction as she had requested--resulting in a total offense level of 31--her 96-month sentence is still below the 121-to-151 month Guidelines range that

would have resulted, based on her Category II criminal history, <u>see</u> <u>Baker</u>, 64 F.3d at 441.

Foster, Coleman, and Glass nonetheless argue their sentences are reviewable, relying on <u>United States v. Schaffer</u>, 110 F.3d 530, 532-34 (8th Cir. 1997). We disagree. In <u>Schaffer</u>, we were asked to determine whether the district court ignored section 3553(e)'s directive to rely on the Guidelines in calculating reduced sentences, when the court used the 60-month mandatory minimum sentence as the starting point for its downward departure in sentencing the defendant for an 18 U.S.C. § 924(c)(1) conviction. The defendant in that case, who also had pleaded guilty to a drug offense, argued that the district court instead should have applied a two-level enhancement under U.S. Sentencing Guidelines Manual § 2D1.1(b)(1) (1997) to his drug sentence, departed from that point, and treated the consecutive 60-month sentence as if it did not exist. <u>See</u> <u>Schaffer</u>, 110 F.3d at 531-534 (holding 60-month mandatory minimum sentence was proper departure point following grant of § 3553(e) motion). Here, however, there is no allegation that the district court failed to rely on the Guidelines in calculating defendants' reduced sentences; defendants simply disagree with how the Guidelines were applied.

Finally, Coleman argues that the court erred by failing to sentence him below the statutory minimum, and by disproportionately sentencing him as compared to more culpable co-conspirators. The sentencing-disparity argument is unreviewable, because it requires us to evaluate the extent of the district court's downward departure. <u>See</u> <u>United States v. Goodwin</u>, 72 F.3d 88, 91 (8th Cir. 1995) (extent of downward departure is unreviewable; declining to consider sentencing disparity between two

defendants after both received downward departures for their respective cooperation, because appeal essentially challenged relative extent of downward departures); United States v. Albers, 961 F.2d 710, 712-13 (8th Cir. 1992) (defendant may not appeal substantial-assistance downward departure simply because he is dissatisfied with extent of departure; refusing to infer district court did not adequately consider co-conspirators' activities and sentences when record clearly reflected ready availability of such information and defendants benefitted from greatly reduced sentences). We also conclude that, in sentencing Coleman, the court was not required to depart below the statutory mandatory minimum. See Schaffer, 110 F.3d at 533 (noting court's grant of § 3553(e) motion "permit[s]" sentence below statutory minimum). Finally, the letters Coleman has submitted on appeal do not demonstrate the district court unfairly punished him.

Accordingly, we affirm the judgment of the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.