# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-1034

_____

United States of America,    *
            *
    Appellee,     *
            *  Appeal from the United States
  v.         *  District Court for the
            *  District of Nebraska.
Juan Carlos Neri,     *
            *  [UNPUBLISHED]
    Appellant.    *

_____

Submitted: May 29, 1998
Filed: June 8, 1998

_____

Before WOLLMAN, BEAM, and HANSEN, Circuit Judges.

_____

PER CURIAM.

Juan Carlos Neri pleaded guilty to conspiring to distribute methamphetamine and cocaine, and to possess them with intent to distribute, in violation of 21 U.S.C. § 846. Departing upon the government's motion to a point below the applicable Guidelines range and the statutory mandatory minimum sentence, the district court[1] sentenced Neri to 84 months imprisonment and five years supervised release. This appeal followed. After appellate counsel moved to withdraw pursuant to Anders v. California, 386 U.S.

_____

[1] The Honorable Thomas M. Shanahan, United States District Judge for the District of Nebraska.

738 (1967), we granted Neri permission to file a pro se supplemental brief, but he has not done so. We affirm.

In his Anders brief, counsel raises a challenge to the district court's drug-quantity finding. Normally we review a district court's factual findings at sentencing for clear error, and we review de novo the application of the Guidelines to the facts. See United States v. Darden, 70 F.3d 1507, 1544 (8th Cir. 1995), cert. denied, 517 U.S. 1149 and cert. denied, 518 U.S. 1026 (1996). The Anders-brief argument, however, suffers from a number of deficiencies. First, the court's drug-quantity finding is consistent with the parties' plea-agreement stipulation that Neri was to be held responsible for between three and ten kilograms of methamphetamine, for a base offense level of 34. See United States v. Early, 77 F.3d 242, 244 (8th Cir. 1996) (per curiam) (defendant cannot challenge Guidelines application on appeal where defendant's plea agreement expressly sets forth base offense level and type of controlled substance).

Second, the issue raised here is reviewable only to the extent that Neri is challenging a quantity of drugs, which, when deducted from the amount the court attributed to his offense, would produce a Guidelines sentencing range below the departure sentence Neri received. See United States v. Baker, 64 F.3d 439, 441 (8th Cir. 1995). Finally, even assuming the argument is not foreclosed and Neri's sentence is reviewable, Neri did not challenge his base offense level at sentencing, thus limiting us to reviewing the calculation of his base offense level for plain error, which we do not find. See U.S. Sentencing Guidelines Manual § 1B1.3(a)(1)(A), (B) (1997) (defendant's base offense level is calculated based on acts defendant commits, and also on all reasonably foreseeable acts and omissions of others in furtherance of jointly undertaken criminal activity); United States v. Montanye, 996 F.2d 190, 192 (8th Cir. 1993) (en banc) (explaining plain-error review).

Upon review of the record in accordance with <u>Penson v. Ohio</u>, 488 U.S. 75, 80 (1988), we find no nonfrivolous issues.  Accordingly, we affirm the judgment of the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT..