# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-1510

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Western District of Missouri. |
| Steven Adrian Beauchamp, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted: March 5, 1999
Filed: March 12, 1999

_____

Before FAGG, HANSEN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

_____

PER CURIAM.

Steven Adrian Beauchamp pleaded guilty to conspiring to distribute cocaine and marijuana, in violation of 21 U.S.C. § 846. Beauchamp objected to the presentence report's (PSR) calculation of his criminal history score, arguing that two prior convictions were related and that his correct criminal history category was II instead of III. The district court[1] overruled Beauchamp's objection, rejecting his argument that it was bound by a prior ruling from a different federal district court and noting that Beauchamp was subject to a statutory mandatory minimum sentence of

_____

[1]The Honorable Howard F. Sachs, United States District Judge for the Western District of Missouri.

60 months. The court then granted the government's motion to depart below the mandatory minimum based on Beauchamp's substantial assistance, and sentenced him to 30 months imprisonment and five years supervised release. Beauchamp appeals, arguing that the district court incorrectly calculated his criminal history score and that this court should review the erroneous calculation because it "may" affect his status within the Bureau of Prisons (BOP). The government moved to dismiss the appeal on the basis that the sentence is unreviewable. We grant the motion to dismiss.

We agree with the government that Beauchamp's challenge on appeal is unreviewable because his 30-month sentence represents a downward departure from the applicable Guidelines range of 60 months regardless of his criminal history category. See United States v. Patterson, 20 F.3d 801, 808 (8th Cir.) (this court will not review defendant's argument that criminal history score was incorrect when sentence imposed represents departure from applicable Guidelines range with or without disputed criminal history points), cert. denied, 513 U.S. 845 (1994); United States v. Baker, 64 F.3d 439, 441 (8th Cir. 1995) (where district court departs below applicable Guidelines range with or without challenged enhancement, this court has consistently held sentence is not reviewable). We do not believe that Beauchamp's speculative argument--that his status within the BOP "may" be affected by the alleged error--requires us to address his otherwise unreviewable argument. Cf. United States v. Beatty, 9 F.3d 686, 689-90 (8th Cir. 1993) (holding that court did not have to strike disputed factual information in PSR which court said it was not relying on for sentencing purposes, even though defendant argued prison officials might use information to his disadvantage). Beauchamp's recourse for any classification or designation decision made by the BOP is through its administrative procedures.

We decline to address the merits of Beauchamp's arguments relating to his law-of-the-case/collateral-estoppel issue, as doing so would result in an advisory opinion. See Patterson, 20 F.3d at 808 n.7 (declining to address merits of Guidelines issue

because even if appellant's argument was correct, his sentence was below applicable Guidelines range and was unreviewable; deciding merits of claim would not affect rights of parties and would constitute advisory opinion).

Accordingly, we hold that we lack the authority to review Beauchamp's sentence and grant the government's motion to dismiss the appeal.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.