# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 00-2653

———————

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Plaintiff - Appellee, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | Northern District of Iowa. |
| | * | |
| David Steil, | * | **[UNPUBLISHED]** |
| | * | |
| Defendant - Appellant. | * | |

———————

Submitted:  February 13, 2001

Filed:  March 23, 2001

———————

Before LOKEN, HEANEY, and BYE, Circuit Judges.

———————

PER CURIAM.

David Steil pleaded guilty to conspiracy to distribute methamphetamine and conspiracy to commit bank burglary in violation of 21 U.S.C. §§ 841 and 846 and 18 U.S.C. § 371.  At sentencing, the district court[1] granted the government's substantial assistance motion under U.S.S.G. § 5K1.1 and imposed concurrent sentences of 132 months on the drug conspiracy count and 60 months on the burglary conspiracy count.

———————

[1]The HONORABLE MICHAEL J. MELLOY, United States District Judge for the Northern District of Iowa.

On appeal, Steil first argues the district court erred in applying the 1997 Sentencing Guidelines to his drug conspiracy offense, instead of the 1995 Guidelines, because his criminal conduct occurred primarily during August, September, and October of 1997, before the effective date of the 1997 Guidelines. Steil further argues the district court abused its discretion in departing downward only to 132 months, rather than 120 months, his mandatory minimum sentence. These contentions are not reviewable on appeal because Steil's sentence of 132 months is below the bottom of his guidelines range, whether determined under the 1995 or the 1997 Guidelines, and because we lack authority to review the extent of the district court's downward departure. See United States v. Puckett, 147 F.3d 765, 772 (8th Cir. 1998); United States v. Baker, 64 F.3d 439, 441 (8th Cir. 1995).

Steil has also filed a motion for leave to file a supplemental brief to address issues he believes are raised by the Supreme Court's recent decision in Apprendi v. New Jersey, 530 U.S. 466 (2000). We are satisfied there was no plain error under Apprendi. Steil agreed to and did plead guilty to an information charging him with conspiring to distribute more than 1000 grams of methamphetamine. In addition, Steil's sentence of 132 months is less than the statutory maximum penalty for distributing any quantity of methamphetamine. See 21 U.S.C. § 841(b)(1)(C); United States v. Aguayo-Delgado, 220 F.3d 926, 934 (8th Cir. 2000). Accordingly, the motion is denied, and the judgment of the district court is affirmed.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.

-2-