# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-3075

_____

United States of America,          *
                                   *
            Appellee,              *
                                   *      Appeal from the United States
    v.                             *      District Court for the
                                   *      Northern District of Iowa.
Robert William Symonds,            *
                                   *           [PUBLISHED]
            Appellant.             *

_____

Submitted: March 12, 2001
Filed: August 15, 2001

_____

Before HANSEN and HEANEY, Circuit Judges, and TUNHEIM,[1] District Judge.

_____

HANSEN, Circuit Judge.

Robert William Symonds appeals the sentence imposed by the district court[2] following his guilty plea to one count of knowingly and intentionally manufacturing and

_____

[1]The Honorable John R. Tunheim, United States District Judge for the District of Minnesota, sitting by designation.

[2]The Honorable Michael J. Melloy, United States District Judge for the Northern District of Iowa.

attempting to manufacture five grams or more of actual methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(B)(vii).  We affirm.

## I.

Symonds began using methamphetamine in late 1997.  In the summer of 1998, Symonds began obtaining methamphetamine from Ronald Titlbach.  Symonds eventually allowed Titlbach and others to manufacture methamphetamine in Symonds' garage in exchange for giving him small user quantities of methamphetamine. Symonds was present on a couple of these occasions when methamphetamine was manufactured. On another four or five occasions, Symonds learned after the fact that methamphetamine had been made in his garage, and he found user quantities that had been left for him.  At some point in time, Symonds told Titlbach to stop using his garage to manufacture methamphetamine.  Titlbach did not stop using his garage, and Symonds continued to receive methamphetamine from Titlbach.  Symonds also obtained small quantities of methamphetamine from other individuals in exchange for making automotive repairs.  Symonds was indicted on November 19, 1999, and pleaded guilty to the offense charged in the indictment on June 1, 2000.  He was sentenced to 78 months of imprisonment.  Symonds appeals the district court's drug quantity determination and assessment of criminal history points.

## II.

Because we are convinced that the government is incorrect in its assertion that Symonds' challenge to drug quantity is unreviewable, we proceed to review the merits of this issue.  We review the district court's drug quantity determination for clear error. United States v. Lawrence, 915 F.2d 402, 406 (8th Cir. 1990).  Symonds asserts that because he was a methamphetamine addict, relying on his statements concerning drug quantity was in error.  Additionally, he challenges the inclusion of drug quantities for

2

those times when methamphetamine was manufactured in his garage without his prior knowledge or after he asked Titlbach to stop.

The district court's drug quantity determination was based on Symonds' own admissions. The district court relied on the drug quantity ranges which Symonds stipulated to prior to sentencing. The district court used the most conservative interpretation of Symonds' estimation, as requested by defense counsel at the sentencing hearing. Symonds presented to the district court no other evidence that his estimates were unreliable, except for the fact that he was a methamphetamine addict. The district court's reliance on Symonds' own estimates was not clearly erroneous, and its conclusion that Symonds' drug quantity estimates were credible is virtually unreviewable on appeal. See United States v. Causor-Serrato, 234 F.3d 384, 390 (8th Cir. 2000) ("[A] district court's assessment of witness credibility is quintessentially a judgment call and virtually unassailable on appeal."), cert. denied, 121 S. Ct. 2229 (2001).

We are not persuaded by Symonds' assertion that the district court should not have included the quantities of methamphetamine that were produced without his advance knowledge or after he told Titlbach to stop using his garage. Although Symonds did not personally assist in the manufacturing of the methamphetamine and did not know the particular times when it was made, Symonds can still be held responsible for the quantities produced which were reasonably foreseeable to him. See United States v. Delpit, 94 F.3d 1134, 1156 (8th Cir. 1996). In determining reasonable foreseeability, the court considers "to what extent a defendant benefitted from his co-conspirator's activities." United States v. Flores, 73 F.3d 826, 833 (8th Cir.) (quoting United States v. Rice, 49 F.3d 378, 382 (8th Cir. 1995)), cert. denied, 518 U.S. 1027 (1996). Symonds benefitted from Titlbach's activities by accepting the user quantities of methamphetamine that were left for him after Titlbach used Symonds' garage specifically for the purpose of manufacturing methamphetamine. Symonds continued to accept methamphetamine from Titlbach even after asking Titlbach to stop using his

garage. Symonds' acceptance of the methamphetamine does not support his contention that he withdrew from the conspiracy. The district court did not clearly err in including the "no prior knowledge" drug quantities.

Symonds also challenges the district court's assessment of his criminal history because the district court assigned him two criminal history points for each of three theft convictions. Symonds asserts that he should have received a total of only two criminal history points for all three theft convictions. We review the district court's determination of whether the government has proven that a defendant's prior crimes are related or not under the clearly erroneous standard. United States v. Bartolotta, 153 F.3d 875, 879 (8th Cir. 1998), cert. denied, 525 U.S. 1093 (1999). "[P]rior sentences are considered related if they resulted from offenses that (1) occurred on the same occasion, (2) were part of a single common scheme or plan, or (3) were consolidated for trial or sentencing." Id. Here, Symonds' offenses consisted of three separate arrests for the theft of three different vehicles over a period of six years. These offenses did not occur on the same occasion, they were not a part of a common scheme, and they were not consolidated. The only connection among the offenses is that Symonds was given probation and a suspended sentence for the 1984 and the 1985 theft offenses and then at the time of sentencing for the 1990 theft conviction, he was also found in contempt of court on his 1984 and 1985 convictions. He was given a 90-day sentence for each offense, all to run concurrently. The fact that he received the two contempt sentences and the 1990 theft sentence at the same time does not mean that the three separate offenses were related. The district court did not clearly err in assessing Symonds two criminal history points for each of the three offenses.

III.

For the foregoing reasons, we affirm the judgment of the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.