# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-2472

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of Nebraska. |
| Jose Luis Reyes-Sandoval, | * | [UNPUBLISHED] |
| also known as Edward Paul Franco, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: January 7, 2003
Filed: January 17, 2003

_____

Before McMILLIAN, MURPHY, and RILEY, Circuit Judges.

_____

PER CURIAM.

Jose Luis Reyes-Sandoval (Reyes) pleaded guilty to possessing with intent to distribute 500 grams or more of a substance containing methamphetamine, in violation of 21 U.S.C. § 841(a)(1), (b)(1). After granting the government's downward-departure motion made under U.S.S.G. § 5K1.1, p.s., the district court[1] sentenced Reyes to the statutory minimum of 120 months imprisonment, to be followed by 5 years supervised release. On appeal, Reyes's newly appointed counsel

_____

[1]The Honorable Joseph F. Bataillon, United States District Judge for the District of Nebraska.

has moved to withdraw, and has filed a brief under <u>Anders v. California</u>, 386 U.S. 738 (1967), arguing that Reyes's original attorney suggested he would receive only a 5-year sentence.

Construing counsel's argument as a challenge to the voluntariness of Reyes's guilty plea, we note that the district court warned Reyes, at his guilty plea hearing, that he faced a 120-month mandatory-minimum sentence, and Reyes acknowledged that the court would decide his sentence, and that he could not withdraw his plea if he received a higher-than-expected sentence, <u>see</u> <u>United States v. Granados</u>, 168 F.3d 343, 345 (8th Cir. 1999) (per curiam); further, the court was not permitted to depart below the mandatory-minimum sentence absent a government motion under 18 U.S.C. § 3553(e), <u>see</u> <u>United States v. Baker</u>, 64 F.3d 439, 441 (8th Cir. 1995). Finally, any ineffective-assistance claim is not properly before us. <u>See</u> <u>United States v. Cain</u>, 134 F.3d 1345, 1352 (8th Cir. 1998).

Having carefully reviewed the record in accordance with <u>Penson v. Ohio</u>, 488 U.S. 75, 80 (1988), we have found no nonfrivolous issues. Thus, we grant counsel's motion to withdraw, and we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.