# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-2536

_____

United States of America,        *
           *

        Appellee,        *
           *  Appeal from the United States

    v.          *  District Court for the Eastern
           *  District of Arkansas.

Brian Michael Blake,      *
           *

        Appellant.     *

_____

Submitted: January 11, 2005
Filed: January 19, 2005

_____

Before WOLLMAN, FAGG, and BYE, Circuit Judges.

_____

FAGG, Circuit Judge.

Over the course of three days, Brian Michael Blake purchased eleven handguns and six rifles from five separate federal firearms licensee dealers on behalf of others who provided the money for the guns. Blake knew the guns would be resold on the black market in another state, but agreed to buy the guns for the other men in exchange for "some quick money." At each location, Blake signed an ATF form 4473 representing that he was "the actual buyer of the firearm." The form signed by Blake warned, "Any individual who is not buying the firearm for himself . . . or as a gift, but completes this form violates the law." The form also contained an example stating, "Mr. Smith asks Mr. Jones to purchase a firearm for Mr. Smith. Mr. Smith

gives Mr. Jones the money for the firearm. If Mr. Jones fills out this form, he will violate the law." Some of the guns bought by Blake were recovered by law enforcement in drug arrests, drug-related consensual searches, a gang-related seizure, and a shooting.

After the Government charged Blake with making a false statement to a federally licensed firearms dealer in violation of 18 U.S.C. § 922(a)(6), Blake filed a motion to dismiss the indictment. The district court[*] denied the motion, holding the statute was not unconstitutionally vague and Blake's "straw purchase" clearly violated the statute, relying on United States v. Moore, 109 F.3d 1456, 1460-63 (9th Cir. 1997), and United States v. Nelson, 221 F.3d 1206, 1210 (11th Cir. 2000). Following the district court's denial, Blake pleaded guilty and was sentenced to five years of probation. Blake now appeals asserting the indictment failed to charge a crime because he could reasonably believe he was answering truthfully when he listed himself on the ATF form as the actual buyer.

Having carefully considered the briefs, the record, and the applicable law, we conclude the district court thoroughly analyzed Blake's assertion and properly rejected it. Because we have nothing to add to the district court's explanation, we affirm on the basis of the district court's order. We note Blake states he is not pursuing a claim under Blakely v. Washington, 124 S. Ct. 2531 (2004).

_____

---

[*]The Honorable George Howard, Jr., United States District Judge for the Eastern District of Arkansas.