# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-1727

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Plaintiff - Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Northern District of Iowa. |
| Justin Richard Ingles, | * | |
| | * | |
| Defendant - Appellant. | * | |

_____

Submitted: December 15, 2004
Filed: June 2, 2005

_____

Before LOKEN, Chief Judge, MORRIS SHEPPARD ARNOLD and RILEY, Circuit
Judges.

_____

LOKEN, Chief Judge.

Justin Richard Ingles appeals the 219-month prison sentence imposed after he pleaded guilty to one count of being a felon in possession of a firearm and one count of possessing pseudoephedrine with intent to manufacture methamphetamine in violation of 18 U.S.C. § 922(g)(1) and 21 U.S.C. § 841(c)(1). Though he received a substantial downward departure, Ingles argues that the district court[1] misapplied the Guidelines by assessing a two-level enhancement for possessing a dangerous weapon

_____

[1]The HONORABLE LINDA R. READE, United States District Judge for the Northern District of Iowa.

during the commission of his drug crime and three criminal history points for committing the offenses of conviction within five years of a prior juvenile sentence and while under a prior criminal justice sentence. We reject these contentions on the merits and affirm, without deciding the extent to which the Supreme Court's decision in United States v. Booker, 125 S. Ct. 738 (2005), may have affected this court's prior decisions regarding our statutory authority to consider an appeal from a sentence that is the product of a downward departure.

1. In a Stipulation of Facts section of the plea agreement, Ingles admitted that he was arrested during a warrant search when the police found him "at a methamphetamine laboratory site in the basement . . . pouring chemicals down a floor drain which ignited a fire which had to be put out by law enforcement." Police also found a .22 caliber rifle and ammunition in the basement. The government stipulated that "[t]he firearm was not connected to the methamphetamine offense."

The Presentence Investigation Report (PSR) noted that the uncased rifle "was loaded with one round in the chamber and four in the magazine" and was found "within a few feet of items associated with the manufacture of methamphetamine." Therefore, the PSR recommended a two-level upward adjustment under USSG § 2D1.1(b)(1) because a dangerous weapon "was within arms reach of the defendant in the basement where he was manufacturing methamphetamine" and therefore was possessed during the commission of the offense within the meaning of USSG § 1B1.3(a)(1). Ingles objected to this recommendation but acknowledged that the rifle was found in a cluttered basement "in proximity to the area where the Defendant was attempting to extract methamphetamine."

During an August 2003 pre-sentence proffer, Ingles admitted that he had learned how to manufacture methamphetamine "approximately one and a half years ago." Based on that admission, the PSR recommended that he be assessed one additional criminal history point for commencing this offense within five years of a

May 1997 juvenile delinquency adjudication, and two points for committing the offense while on state court probation. See USSG §§ 4A1.1(c) & (d). These points placed Ingles in Criminal History Category V instead of Category IV. He objected to these paragraphs of the PSR.

At sentencing, the government introduced (without objection) photos showing the location of the rifle when it was seized and a report of Ingles's proffer interview. The government defended its stipulation that the rifle was not connected to the drug offense. Despite the parties' stipulation to the contrary, the district court assessed a two-level enhancement for possession of a dangerous weapon (a loaded rifle) because "I do not have any evidence of the fact that it was clearly improbable the weapon was connected with the offense." See USSG § 2D1.1 comment. (n.3).[2] The government argued that the PSR correctly computed Ingles's criminal history. The court assessed the three disputed criminal history points based on its finding that the offense began "around January 2002," which was within five years of the May 1997 juvenile adjudication for a drug offense and during the period that Ingles was on probation for two 1999 theft convictions.

These findings resulted in a sentencing range of 292 to 365 months under the then-mandatory Guidelines. The district court granted the government's substantial assistance motion under USSG § 5K1.1, denied Ingles's motion for a downward departure on other grounds, and departed downward 25 percent to a range of 219 to 274 months. The court sentenced Ingles to 219 months in prison, the bottom of that range. Ingles appeals the assessment of the three disputed criminal history points and the two-level dangerous weapon enhancement. If he prevailed on the criminal history issue but not the weapon issue, his range without a departure would be 262 to 327

---

[2]A stipulation of facts in a plea agreement is not binding on the district court for purposes of sentencing. United States v. Cain, 134 F.3d 1345, 1348 (8th Cir. 1998); USSG § 6B1.4(d) p.s.

months; if he prevailed on only the weapon issue, 235 to 293 months; and if he prevailed on both issues, 210 to 262 months.

2. The government argues that we may not review *either* of the district court's alleged errors in calculating Ingles's Guidelines sentencing range because of the substantial downward departure. Prior to Booker, we consistently held that, "where the district court departs below the applicable Guideline sentencing range *with or without the challenged enhancement . . .* the sentence is not reviewable." United States v. Baker, 64 F.3d 439, 441 (8th Cir. 1994) (emphasis added). We applied that rule even if, as in this case, the court's downward departure was stated as a percentage of the allegedly erroneous sentencing range. See United States v. Dutcher, 8 F.3d 11, 12 & n.3 (8th Cir. 1993). Here, the 219 month sentence falls within the revised sentencing range of 210 to 262 months that would apply if Ingles were to prevail on both issues. The government urges us to stretch the rule in Baker to include this situation, based on the general rule that we do not review the district court's decision where to sentence within the applicable range. We reject that contention as inconsistent with our cases holding that, where the district court erred in determining the applicable range but imposed a sentence that falls within the correct range, we will nonetheless remand unless the sentencing record clearly reveals the court's intent to impose the same sentence regardless of which range applied. See Alaniz v. United States, 351 F.3d 365, 368 (8th Cir. 2003), and cases cited therein.

There remains the question whether we must consider the second Guidelines error alleged by Ingles if we affirm the district court's resolution of the first. The 219-month sentence imposed with the departure is below the sentencing range that would apply if Ingles prevailed on only one issue. Our Baker line of cases does not squarely answer this question but suggests that the second error then becomes unreviewable. But Booker may alter the analysis. Our rule in Baker stems from the statutes providing that only the defendant may appeal an *upward* departure and only the government may appeal a *downward* departure. 18 U.S.C. §§ 3742(a)(3), (b)(3),

-4-

and (f)(2)-(3). In <u>Booker</u>, the Court severed and excised § 3742(e), another subsection which mandated the standards of appellate review. The Court replaced § 3742(e) with an implied statutory standard, appellate review for unreasonableness:

> The district courts, while not bound to apply the Guidelines, must consult those Guidelines and take them into account when sentencing. The courts of appeals review sentencing decisions for unreasonableness.

125 S. Ct. at 767 (citations omitted). In response to Justice Scalia's criticism that this replaced the "four different kinds of appeal" in § 3742(a) and (b) and the "permissible dispositions" in § 3742(f) with a "one-size-fits-all 'unreasonableness' review," 125 S. Ct. at 792 (Scalia, J., dissenting), the majority acknowledged that its remaking of these appellate provisions "means that some provisions will apply differently from the way Congress had originally expected." <u>Id.</u> at 767. When one also recalls that the majority and dissenting opinions in <u>Williams v. United States</u>, 503 U.S. 193, 201-02, 215-17 (1992), construed the interplay between the excised § 3742(e) and the preserved § 3742(f) very differently under the mandatory Guidelines regime, whether § 3742 now permits a defendant to appeal on the ground that a district court error in determining the advisory Guidelines range produced an unreasonable post-<u>Booker</u> sentence, despite a substantial downward departure, is a question that seems fraught with uncertainty. Thus, we turn to the merits of Ingles's contentions to see if we need to answer that question in this case.

3. Ingles argues that the district court erred in imposing the § 2D1.1(b)(1) enhancement because the government failed to prove that he possessed the loaded rifle during the commission of his drug offense. This is a finding of fact that we review for clear error. <u>See</u> <u>United States v. Williams</u>, 10 F.3d 590, 595 (8th Cir. 1993). As the district court noted, application note 3 to § 2D1.1 states that "[t]he adjustment should be applied if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense." Here, photos introduced at sentencing established that Ingles was arrested while manufacturing

methamphetamine with the weapon within arms reach. Consistent with its obligation to honor the plea agreement, the government introduced no other evidence. But none was needed. The district court's finding that Ingles possessed the weapon during the commission of his drug offense was not clearly erroneous. See United States v. Johnson, 60 F.3d 422, 423 (8th Cir. 1995).

4. Ingles next challenges the district court's finding that his drug offense commenced in January 2002, a finding that increased his Guidelines sentencing range by placing him in Criminal History Category V. This, too, is a finding of fact that we review for clear error. See United States v. Lopez-Arce, 267 F.3d 775, 782-83 (8th Cir. 2001). The district court was entitled to base this finding on Ingles's admission at the proffer interview. See United States v. Symonds 260 F.3d 934, 936 (8th Cir. 2001). Ingles argues that admitting he learned how to manufacture methamphetamine "approximately one and a half years" before his August 2003 interview was "too imprecise" to justify a finding that his methamphetamine manufacturing offense commenced before May 2002. But Ingles chose not to testify at the sentencing hearing, foregoing an opportunity to refute the PSR's literal interpretation of his admission during the proffer interview. On this record, the district court's finding was not clearly erroneous.

5. Finally, Ingles's reply brief argues for the first time that his sentence violated Blakely v. Washington, 124 S. Ct. 2531 (2004) -- as subsequently applied to the federal Guidelines in Booker -- because the district court found facts beyond those admitted in the plea agreement. Ingles did not preserve Booker issues in the district court, so our review is for plain error. As we have explained, the district court committed no error in interpreting and applying the then-mandatory Guidelines. The record contains no showing of a "reasonable probability" that the district court would have imposed a more favorable sentence applying the advisory Guidelines regime mandated by Booker. United States v. Pirani, 406 F.3d 543, --- (2005) (en banc). Indeed, the district court expressly denied Ingles's motion for a greater downward

departure because his criminal history "suggests that . . . he is a recidivist and that it is likely that he will continue to violate the law, in part because he chooses to use controlled substances." Thus, there was no plain error.

The judgment of the district court is affirmed. Appellant's motion for leave to file a supplemental brief is denied as moot.

_____