# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-2496

_____

United States of America,

Appellee,

v.

Jonathan Lakeith Moore,

Appellant.

\*
\*
\*
\*
\*
\*
\*
\*
\*
\*

Appeal from the United States
District Court for the
Eastern District of Arkansas.

[UNPUBLISHED]

_____

Submitted: June 7, 2005
Filed: June 15, 2005

_____

Before MELLOY, McMILLIAN, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

After the government charged Jonathan Moore with knowingly making a false written statement intended or likely to deceive a licensed firearms dealer, in violation of 18 U.S.C. § 922(a)(6), Moore filed a motion to dismiss the indictment. The district court[1] overruled the motion, and Moore later pleaded guilty and was sentenced to 5 years probation and 6 months home detention. On appeal, Moore argues that the indictment failed to state a crime and that the statute as applied was unconstitutionally vague because Moore reasonably could have believed he was answering truthfully

_____

[1]The Honorable George Howard, Jr., United States District Judge for the Eastern District of Arkansas.

when he listed himself as the actual buyer on the ATF form at issue. Moore also argues that an obstruction-of-justice sentencing enhancement was improperly applied. Lastly, Moore's counsel filed a portion of his appellate brief pursuant to <u>Anders v. California</u>, 386 U.S. 738 (1967), asking this Court to review the record to determine whether there exist any nonfrivolous issues under <u>Blakely v. Washington</u>, 124 S.Ct. 2531 (2004), which would benefit Moore, and if so, to grant him leave to withdraw from pursuing the appeal on all issues relating to <u>Blakely.</u>

Moore's challenge to the statute and his indictment is foreclosed by our recent decision in <u>United States v. Blake</u>, 394 F.3d 1089, 1090-91 (8th Cir. 2005) (affirming denial of defendant's motion to dismiss indictment charging him under § 922(a)(6) for representing on ATF form that he was actual buyer of firearms; district court properly held that statute was not unconstitutionally vague and defendant's "straw purchases" of firearms on behalf of others who provided purchaser money clearly violated § 922(a)(6)); <u>United States v. Kirchoff</u>, 387 F.3d 748, 750 (8th Cir. 2004) (denial of motion to dismiss indictment reviewed de novo), <u>petition for cert. filed</u>, No. 04-9167 (U.S. Mar. 14, 2005). As to the obstruction-of-justice enhancement, this is a matter that we will not review because the district court departed below the Sentencing Guidelines range that would have been applicable absent the enhancement. <u>See</u> <u>United States v. Baker</u>, 64 F.3d 439, 441 (8th Cir. 1995).

Having carefully reviewed the record under <u>Penson v. Ohio</u>, 488 U.S. 75, 80 (1988), we find no nonfrivolous issues relating to <u>Blakely</u>. Accordingly, we grant counsel's motion to withdraw, and we affirm.

_____