**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 05-5258**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JOSE ALCANTAR SALDANA, a/k/a Javier Gonzalez
Sanchez,

Defendant - Appellant.

_____

Appeal from the United States District Court for the Western
District of North Carolina, at Charlotte. Robert J. Conrad, Jr.,
District Judge. (CR-05-59)

_____

Submitted: June 26, 2006          Decided: July 13, 2006

_____

Before WILLIAMS and SHEDD, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

Pili L. Fleming, LAW OFFICES OF PILI FLEMING, P.L.L.C., Charlotte,
North Carolina, for Appellant. Gretchen C. F. Shappert, United
States Attorney, D. Scott Broyles, Assistant United States
Attorney, Charlotte, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Jose Alcantar Saldana pled guilty to illegal reentry, 8 U.S.C. § 1326(a), (b)(2) (2000), and received a sentence of twenty-four months imprisonment. Saldana appeals his sentence, arguing that the district court erred in accepting his guilty plea but refusing to honor a stipulation in his plea agreement that a four-level enhancement under U.S. Sentencing Guidelines Manual § 2L1.2(b)(1)(D) (2004) for prior deportation after a felony conviction would not be applied. We affirm.

At the guilty plea hearing conducted according to Rule 11, Federal Rules of Criminal Procedure, neither defense counsel nor the government informed the district court that Saldana's plea agreement contained the stipulation at issue. During the guilty plea colloquy, moreover, Saldana answered in the affirmative when the court asked whether he understood that he could not withdraw his guilty plea if the sentence was more severe than he expected or the court did not accept the government's sentencing recommendation. In addition, paragraph 4 of the plea agreement provided that "the Court has the final discretion to impose any sentence up to the statutory maximum for each count," and that "[t]he defendant further understands that no recommendations or agreements by the United States are binding upon the Court."

In the presence report, the probation officer calculated Saldana's offense level and advisory guideline range

without the four-level enhancement, but noted that Saldana had previously been deported after a felony conviction and only the parties' stipulation that no enhancements from Chapters 2 through 5 would apply precluded application of the enhancement.  At the sentencing hearing, the district court determined that the four-level enhancement under § 2L1.2(b)(1)(D) applied and stated that, under <u>United States v. Booker</u>, 543 U.S. 220 (2005), it had an obligation to determine accurately the applicable guideline range. The court noted Saldana's objection.

On appeal, Saldana argues that the district court committed reversible error by accepting his plea agreement and then disregarding the parties' stipulation that the § 2L1.2(b)(1)(D) enhancement would not be applied.  He contends that the agreement was of the type specified in Rule 11(c)(1)(C), which is binding on the district court once the agreement is accepted.  Thus, he argues, the district court violated Rule 11 by rejecting the agreement at the sentencing hearing, and imposing a sentence that was not in accord with the terms of the agreement.  Contrary to Saldana's assertion in his brief, the district court did not explicitly accept the plea agreement at the Rule 11 hearing, although it accepted Saldana's guilty plea.  The government contends that the reference to Rule 11(c)(1)(C) was a typographical error and that the parties understood the agreement to be of the

type specified in Rule 11(b)(1)(B), as evidenced by the Rule 11 colloquy.

Because Saldana did not move in the district court to withdraw his guilty plea, his challenge to the adequacy of the Rule 11 hearing is reviewed for plain error. United States v. Martinez, 277 F.3d 517, 525 (4th Cir. 2002). Rule 11(c)(1) provides for three types of plea agreements. Under Rule 11(c)(1)(A), the government agrees that it will not bring, or move to dismiss, other charges. Under subsection (c)(1)(B), the government agrees to recommend, or not oppose defendant's request that a particular sentence or range is appropriate, or that a particular guideline provision or sentencing factor does or does not apply. The subsection specifies that such a recommendation is not binding on the court. Under subsection (c)(1)(C), the government agrees that a specific sentence or range is appropriate, or that a particular guideline provision or sentencing factor does not apply. This subsection specifies that such a recommendation binds the court once the court accepts the plea agreement.

Rule 11(c)(3) provides that, when a plea agreement "is of the type specified in Rule 11(c)(1)(A) or (C), the court may accept the agreement, reject it, or defer a decision until the court has reviewed the presentence report." When the agreement is the type specified in subsection (c)(1)(B), "the court must advise the defendant that [he] has no right to withdraw the plea if the court

- 4 -

does not follow the recommendation or request." The court gave Saldana the latter advisement at the Rule 11 hearing.

Saldana's plea agreement was never clearly identified as either a "type B" or a "type C" agreement. Although both subsections were referenced in paragraph 5, neither the government nor the defendant informed the court that there was an agreement under either subsection concerning the § 2L1.2(b)(1)(D) enhancement. However, the court advised Saldana that he could not withdraw his guilty plea if the sentence was more severe than expected or if the court did not accept the government's sentencing recommendation, a warning required by Rule 11(c)(3)(B) for an agreement entered under Rule 11(c)(1)(B).

We conclude that the court correctly treated the agreement as containing nonbinding recommendations under Rule 11(c)(1)(B), first, because the statements of the parties and the court at the Rule 11 hearing indicated that the agreement was understood that way and, consequently, belie Saldana's contention on appeal that the agreement was intended to be binding on the court. See United States v. Davidson, 409 F.3d 304, 311 (6th Cir. 2005) (concluding that plea agreement was governed by Rule 11(c)(1)(B) where agreement silent on this point and statements of both government and court at rearrangement indicated a belief that agreement was nonbinding).

In addition, under USSG § 6B1.4(d), stipulations are not binding on the court. Davidson, 409 F.3d at 311; United States v. Ingles, 408 F.3d 405, 407 n.2 (8th Cir. 2005); USSG § 6B1.4, comment. Finally, had the court been aware that it was dealing with a Rule 11(c)(1)(C) agreement containing a binding stipulation or recommendation, it would have been obligated under Rule 11(c)(3) to advise Saldana that it had accepted, rejected, or deferred a decision about the agreement intended to be binding on the court. That the court did not do so is further evidence that the parties and the court viewed the agreement as a nonbinding agreement under Rule 11(b)(1)(B). Davidson, 409 F.3d at 311.

Therefore, Saldana has not shown any Rule 11 violation. Further, we conclude that the court did not reject the agreement or violate its terms. At sentencing, the court exercised its discretion to make the final determination as to the offense level, as provided in paragraph 4 of the agreement. Saldana did not dispute the district court's determination that, without the restriction of the stipulation, the enhancement applied.

We therefore affirm the sentence imposed by the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

- 6 -