# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 11-3036

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the Southern |
| v. | * | District of Iowa. |
| | * | |
| Kenyatta Cornelous, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: April 20, 2012
Filed: April 24, 2012

_____

Before LOKEN, BOWMAN, and BENTON, Circuit Judges.

_____

PER CURIAM.

Kenyatta Cornelous pleaded guilty to conspiring to manufacture, distribute, and possess with intent to distribute in excess of 50 grams of a cocaine base mixture and 5 kilograms of a cocaine mixture, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), 846. In a written plea agreement, Cornelous waived his right to appeal his conviction with certain exceptions described in the appeal-waiver paragraph. After granting the government's motion for a downward departure based on Cornelous's substantial assistance, the district court[1] sentenced him to 320 months in prison and 5 years of

_____

[1]The Honorable John A. Jarvey, United States District Judge for the Southern District of Iowa.

supervised release. On appeal, Cornelous's counsel has moved to withdraw and has submitted a brief under Anders v. California, 386 U.S. 738 (1967), raising the following arguments.

Cornelous argues that the prosecutor committed prosecutorial misconduct by threatening him with a life sentence if he did not plead guilty, but this is an involuntary-plea claim not properly raised for the first time on appeal. See United States v. Villareal-Amarillas, 454 F.3d 925, 932 (8th Cir. 2006). Cornelous also faults the prosecutor for failing to seek a greater sentence reduction based on his cooperation with Florida authorities, but he has not shown that the government acted with an improper motive or irrationally. See United States v. Smith, 574 F.3d 521, 525 (8th Cir. 2009). He further challenges sentencing enhancements imposed for an aggravating role in the offense and for possessing a firearm in connection with the offense. We will not review the aggravating-role enhancement because Cornelous withdrew his objection to that enhancement prior to sentencing, see United States v. Thompson, 289 F.3d 524, 526-27 (8th Cir. 2002); and we will not review the firearm enhancement because it did not affect the advisory guidelines range and because the court ultimately departed below that range, see United States v. Baker, 64 F.3d 439, 441 (8th Cir. 1995).

Cornelous's remaining arguments are encompassed by his appeal waiver. We conclude that the waiver should be enforced. See United States v. Andis, 333 F.3d 886, 889-92 (8th Cir. 2003) (en banc). Moreover, Cornelous's valid guilty plea forecloses all pre-plea non-jurisdictional defects. See United States v. Staples, 435 F.3d 860, 864 (8th Cir 2006).

Finally, having reviewed the record independently under Penson v. Ohio, 488 U.S. 75, 80 (1988), we find no nonfrivilous issues. Accordingly, we grant counsel's motion to withdraw, and we affirm.

_____