**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-4182
_____

UNITED STATES OF AMERICA

v.

DARIN BURKE,

Appellant
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(No. 2-11-cr-00183-001)
District Judge:  Honorable Arthur J. Schwab

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
June 28, 2013

_____

Before:  FUENTES, FISHER, and CHAGARES, Circuit Judges.

(Opinion Filed:  August 19, 2013)

_____

OPINION
_____

CHAGARES, Circuit Judge.

Darin Burke appeals the seventy-month sentence he received after pleading guilty

to conspiracy to distribute heroin.  For the reasons set forth below, we will affirm.

## I.

We write solely for the parties and will therefore recount only those facts that are essential to our disposition. In August 2011, a grand jury indicted Burke and a co-conspirator, charging them with one count of conspiracy to distribute heroin in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 846. The Presentence Investigation Report concluded that Burke was responsible for possessing and/or distributing at least 400-700 grams of heroin, while Burke maintained he should be held responsible for only twelve grams.

At the sentencing hearing, the District Court heard testimony from Ryan Rennig, a special agent with the Bureau of Alcohol, Tobacco, Firearms, and Explosives. Rennig testified first about his interview with Burke, during which Burke provided information about his role in the heroin conspiracy. Rennig also testified about conversations with informants who had made purchases from Burke and his co-conspirators.

The District Court concluded that the record was insufficient to show that Burke was responsible for 400-700 grams of heroin, but found that "the evidence clearly establishe[d]" that he was responsible for at least 100-400 grams. Appendix 89. Based on the 100-400 gram calculation and the other advisory Guidelines considerations, Burke's sentencing range was fifty-seven to seventy-one months. The District Court sentenced Burke to seventy months. Burke now appeals, arguing that the District Court erred in relying on statements of informants to calculate the amount of drugs for which he was responsible.

II.[1]

At sentencing, the Government must prove facts by a preponderance of evidence.

United States v. Miele, 989 F.2d 659, 663 (3d Cir. 1993). While the District Court may

rely on hearsay evidence in reaching its factual findings, id. at 664, the evidence the court

relies upon must have "sufficient indicia of reliability." Id. at 665.

Burke argues that the District Court erred by accepting Rennig's hearsay

testimony about statements of other witnesses, who were "drug addicts," each of whom

"were incarcerated at the time of the sentencing hearing . . . and therefore readily

available to the government." Burke Br. 13-14.[2] He relies solely on Miele, contending

that in that case we "ruled that reliance on an addict-informant to establish the requisite

drug quantity does not meet the requisite standard of 'sufficient indicia of reliability.'"

Burke Br. 14.

Our holding in Miele was not as broad as Burke urges. In that case, the district

court accepted the recommended finding that Miele was responsible for eight kilograms

of cocaine. The court failed to make factual findings on the record, but its conclusion

was clearly based on a statement of an addict-informant estimating that Miele had

---

[1] The District Court had jurisdiction pursuant to 18 U.S.C. § 3231, and we have appellate jurisdiction under 28 U.S.C. § 1291. We review the District Court's factual findings relevant to the Guidelines for clear error. United States v. Lopez, 650 F.3d 952, 959 (3d Cir. 2011).

[2] The Government argues that the District Court did not rely on Rennig's testimony about the informants, but only calculated the heroin amount based on Burke's admissions. Yet that is not clear from the record. According to the Government, Burke admitted to possessing at least 112 grams of heroin, but the District Court seemed to accept that Burke was responsible for at least 228 grams, necessarily crediting some of the information derived from the informants.

possessed at least fifteen pounds of cocaine. 989 F.2d at 663. While we recognized the district court's discretion to rely on hearsay, we remanded because it was unclear whether the informant's testimony was reliable. We pointed out that the informant testified at another trial that Miele had only possessed "five or six pounds, maybe more." Id. at 665. Further, the informant's other testimony "was laden with imprecision and inconsistency," id. at 667, and no other witnesses testified as to the amount of cocaine Miele handled. We emphasized the caution the district court should take because of the informant's status as an addict, but did "not preclude the district court on remand from relying on [his] testimony." Id.

While the informants in this case were apparently addicts as well, we have allowed district courts to rely on information provided by drug addicts when their statements are not internally inconsistent. See, e.g., United States v. Givan, 320 F.3d 452, 464 (3d Cir. 2003). Moreover, this case is easily distinguishable from Miele. First, there is no indication that any of the informants ever contradicted themselves or each other. More importantly, Burke's own admissions about hiding the heroin and providing it to users provides corroboration that he was responsible for, at the very least, 112 grams of heroin.[3] See United States v. Paulino, 996 F.2d 1541, 1548 (3d Cir. 1993)

---

[3] An introductory section of Burke's brief cursorily states that his own admissions "should be discounted" because he was "focused on accepting responsibility for the elements of the offense rather than representing anything even remotely resembling a precise recitation of the quantity attributed to [him]." Burke Br. 9. We disagree. There is no reason to conclude that Burke's statements concerning his drug-related activities were not sufficiently reliable. See United States v. Symonds, 260 F.3d 934, 936 (8th Cir. 2001) (affirming district court's conclusion that defendant's estimates were sufficiently reliable despite fact that defendant was methamphetamine addict).

4

(distinguishing <u>Miele</u> when other evidence corroborated hearsay testimony). This represents a conservative estimate, and, of course, is more than enough to place Burke in the 100-400 gram range. For these reasons, we conclude that the information relied upon by the District Court did not lack sufficient indicia of reliability.

III.

For the foregoing reasons, we will affirm the sentence imposed by the District Court.