**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Submitted May 10, 2007
Decided May 10, 2007

**Before**

Hon. JOHN L. COFFEY, *Circuit Judge*

Hon. JOEL M. FLAUM, *Circuit Judge*

Hon. ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 06-4001

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Eastern District of Wisconsin |
| v. | No. 06-CR-50 |
| LAWRENCE A. MATTHEWS, *Defendant-Appellant.* | Lynn Adelman, *Judge.* |

## O R D E R

Lawrence Matthews pleaded guilty to one count of conspiring to possess cocaine with intent to distribute, *see* 21 U.S.C. §§ 846, 841(a)(1), and one count of possessing a firearm in connection with a drug offense, *see* 18 U.S.C. § 924(c).  The district court sentenced him to a total of 78 months' imprisonment and three years' supervised release, and ordered him to pay $200 in special assessments.  Matthews directed trial counsel to file a notice of appeal, but his newly appointed lawyer moves to withdraw because she cannot discern a nonfrivolous basis for the appeal. *See Anders v. California*, 386 U.S. 738 (1967).  Matthews has not accepted our invitation to comment on counsel's motion.  *See* Cir. R. 51(b).  Because counsel's supporting brief is facially adequate, we limit our review to the potential issues identified by counsel.  *See United States v. Tabb*, 125 F.3d 583, 584 (7th Cir. 1997).

Counsel first considers whether Matthews could argue that his guilty pleas were involuntary. But counsel informs us that Matthews does not want his pleas vacated, and so counsel should not have considered this potential argument. *See United States v. Knox*, 287 F.3d 667, 671-72 (7th Cir. 2002).

Counsel next considers whether Matthews could challenge the reasonableness of his overall prison sentence. The drug offense involved more than five kilograms of cocaine and thus carried a mandatory minimum penalty of 10 years' imprisonment, *see* 21 U.S.C. § 841(b)(1)(A)(ii), and the gun offense carried a mandatory, consecutive term of five years, *see* 18 U.S.C. § 924(c)(1)(A)(i), yielding a guidelines range of 180 months, *see* U.S.S.G. § 5G1.1(b) ("Where a statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence shall be the guideline sentence."); *United States v. Hayes*, 5 F.3d 292, 294-95 (7th Cir. 1993). In accord with the plea agreement, the government moved for a sentence below the statutory minimum on the drug count because Matthews had cooperated and provided substantial assistance. *See* 18 U.S.C. § 3553(e); *Wade v. United States*, 504 U.S. 181, 182 (1992). The district court granted the motion and sentenced Matthews to 18 months on the drug count and a consecutive 60 months on the gun count. The court justified the overall sentence in light of the factors outlined in 18 U.S.C. § 3553(a), including the circumstances giving rise to the offense and Matthews's lack of prior criminality, and counsel is unable to identify any other factor that would have compelled a lower sentence. We therefore agree with counsel that any potential challenge to the reasonableness of Matthews's significantly reduced sentence would be frivolous, *see United States v. George*, 403 F.3d 470, 473 (7th Cir. 2005) (observing that it will be an unusual case where a below-guidelines sentence is unreasonable), and would arrive at the same conclusion even if we granted no special weight to the length of the sentence relative to the guidelines range, *see United States v. Rita*, 177 F.App'x. 357 (4th Cir.), *cert. granted* 127 S. Ct. 551 (2006).

Accordingly, counsel's motion to withdraw is GRANTED, and the appeal is DISMISSED.